parties can only be determined after a trial of the issues. Kelly, P. J., Manning, Young, Lazansky and Hagarty, JJ., concur.

JOHN W. EMMENS and MARY EMMENS, Respondents, v. NEW YORK RAPID TRANSIT CORPORATION, Appellant.— Order denying defendant's motion for judgment dismissing complaint affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ., concur.

JOSEPH GAYDICA and EMMA GAYDICA, Respondents, v. FRANK SZEMKO and Others, Appellants.— Order for examination of defendants before trial affirmed, with ten dollars costs and disbursements. We are of opinion that appellants' criticism of the language of the order where the parties are directed to submit to an examination as to the various subjects stated, viz.: "Whether or not " the facts are therein set forth, is justified. The examination is not authorized to ascertain whether or not the facts are as stated. The plaintiffs assert that the facts are as alleged in the complaint and moving affidavit. The examination is allowed when it is material and necessary in the prosecution or defense of an action. (Civ. Prac. Act, § 288.) Such examination is not allowed to prove that the facts are " not " as alleged by the party seeking it. Kelly, P. J., Manning, Young, Lazansky and Hagarty, JJ., concur.

HARE & CHASE, INC., Appellant, v. AMZA W. BIGGS, Respondent.— Order granting defendant's motion to set aside verdict and for a new trial unless plaintiff stipulates for a reduction of said verdict, affirmed, with costs; and plaintiff refusing to so stipulate, a new trial of the action is granted. No opinion. Kelly, P. J., Manning, Young, Lazansky and Hagarty, JJ., concur.

In the Matter of the Application of the CITY OF NEW YORK to Ascertain and Determine the Compensation Due for the Closing of Spruce Street, between Rockaway Boulevard and Liberty Avenue, in the Fourth Ward, Borough of Queens, City of New York. In the Matter of the Application of JEANNE O. VOGELIN for Damages, etc.— The parties having stipulated in writing that this case may be disposed of by a court of four, the decision is as follows: Order directing commissioners of estimate and assessment to determine compensation, affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Manning, Young and Lazansky, JJ., concur.

In the Matter of the Application of the CITY OF NEW YORK to Ascertain and Determine the Compensation Due for the Closing of Spruce Street, between Rockaway Boulevard and Liberty Avenue, in the Fourth Ward, Borough of Queens, City of New York. In the Matter of the Application of PETER S. ROGGEMANN and Others, etc., for Damages, etc.— The parties having stipulated in writing that this case may be disposed of by a court of four, the decision is as follows: Order directing commissioners of estimate and assessment to determine compensation, affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Manning, Young and Lazansky, JJ., concur.

In the Matter of Charges Preferred by WILLIAM H. CROUGH, Captain First District, against JOHN P. CLANCY, Shield No. 137, Assigned to First Precinct. JOHN P. CLANCY, Appellant; WILLIAM D. CAMERON, as Commissioner of Public Safety of the City of Yonkers, Respondent.— Determination reversed upon the law, without costs, and a new hearing directed as to the charges preferred against the relator. The commissioner found the relator guilty under each of the three specifications contained in the charges. In our opinion there was no evidence to support specifi-