16813

WILLIAMS v. SOUTHERN LIFE INS. CO. *ET AL.*
(79 S. E. (2d) 365)

*Messrs. Samuel Want, Sam Rogol and LeRoy M. Want,* of Darlington, *for Appellants,*

*Messrs. Tison & Tison,* of Hartsville, *for Appellants,*

December 30, 1953.

OXNER, Justice.

This is an appeal from an order refusing a motion by defendants for a pre-trial examination of plaintiff.

It is alleged in the complaint that "about the latter part" of 1949, the Southern Life Insurance Company, of Florence, South Carolina, the corporate name of which was later changed to Atlas Life Insurance Company, issued a policy of insurance for $250.00 on the life of Bennie Jeffery, designating a son as beneficiary; that about December, 1950, the plaintiff, a daughter of the insured, was substituted as beneficiary; and that the insured died on April 15, 1952, while said policy was in full force and effect. Plaintiff, who states that she is a person of very limited education, further alleged that shortly after the death of her father, an agent of the insurance company, with full knowledge that the policy had been in force for more than two years and approximately $66.00 paid in premiums, fraudulently induced her to surrender the policy and her receipt book "by telling her and knowing it to be false that the Company was liable only for a return of the premiums paid to the Company and that the amount paid in was only $29.70, for which the agent gave her a check and took the policy and receipt book."

In addition to Atlas Life Insurance Company, the Southern Life Insurance Company, of Greensboro, North Carolina, was made a party defendant, upon an allegation that on or about September 8, 1952, it purchased the insurance business of the Southern Life Insurance Company, of Florence, South Carolina, and assumed liability on all policies issued by the latter company. Actual and punitive damages

in the sum of $10,000.00 were asked against both defendants.

The Atlas Life Insurance Company entered a general denial and further alleged that on April 23, 1951, it issued a policy for $250.00 "on the life described in the complaint, with the change of beneficiary therein referred to"; that in the application the insured grossly misrepresented his age; that the policy would not have been issued if his true age had been stated; and that upon learning the correct age. of the insured after his death, it offered to refund to the plaintiff the full amount of all premiums paid, amounting to $29.70, which the plaintiff accepted and on May 15, 1952, executed a release wherein, in consideration of $29.70, she discharged the company from all liability under the policy issued on April 23, 1952 and authorized a cancellation thereof.

The Southern Life Insurance Company of Greensboro, North Carolina, adopted the defenses interposed by its co-defendant and further alleged that in purchasing and agreeing to reinsure the life insurance debit of the Atlas Life Insurance Company, the latter company agreed to pay all claims accruing under said policies prior to September 8, 1952; that Southern Life only agreed to assume liability on policies outstanding on said date; that the policy referred to in the complaint was not in force on September 8, 1952, or any time thereafter; and that if any liability is established in this action against Southern Life, the Atlas Life should be required to hold it harmless on account thereof.

After filing the foregoing answers, the defendants gave notice of a motion "for an order for the examination of the plaintiff before trial in respect to the existence and description of the policy of insurance described, or intended to be described in the complaint." It was stated that this motion would be made upon the ground that the Atlas Life Insurance Company "is unable to locate the record of a policy issued as set forth in the complaint, and without such in-

formation is unable to properly prepare its defense in this cause." Attached to the above notice was an affidavit by the secretary of the Atlas Life Insurance Company, who stated that after a diligent search, he had been unable to find a record of any other policy issued by that company "on the life of Bennie Jeffery, and outstanding at the time of the death of the insured, other than the policy described in the answer of the defendant Atlas Life Insurance Company issued in April, 1951." He further averred in this affidavit that the defendants "cannot properly prepare for the trial of the case without being informed whether the plaintiff has some other policy than that described in the answer interposed by the defendant Atlas Life Insurance Company, and if so, the terms and status of such policy."

The granting or refusal of a motion for an examination of the adverse party before trial rests largely in the sound discretion of the trial Judge. *Planters Fertilizer & Phosphate Co. v. McCreight,* 187 S. C. 483, 198 S. E. 405; 27 C. J. S., Discovery, § 22. In the instant case, we think defendants' motion to examine plaintiff prior to the trial was properly refused. Certainly no abuse of discretion is shown.

Section 26-502 of the 1952 Code empowering the Court to give either party to an action the right to inspect and copy books, papers and documents in the possession of the other, has no application, for it is alleged in the complaint that the policy mentioned was surrendered to the defendants along with the receipt book.

Section 26-503 authorizes the Court to order an examination of the adverse party before trial. But we do not think the facts stated in the motion papers disclose a sufficient cause for the examination of the plaintiff. The information sought is peculiarly within the knowledge of the defendants. Their records should show the date, amount and type of each policy issued. Counsel for defendants state in their brief that the requested examination is necessary to enable them "to find out from the plaintiff what her real cause of

action is". They further express apprehension that on the trial of the case, plaintiff may seek to establish liability under a policy different from that alleged. But we think the complaint adequately describes the policy upon which plaintiff relies and clearly sets forth the cause of action upon which she seeks to recover. On the trial of the case she will be confined to the facts alleged in the complaint and will not be permitted to recover upon some other cause of action.

Apparently the defendants seek to discover the evidence on which the plaintiff bases her cause of action. It is improper to grant an examination for this purpose. 27 C. J. S., Discovery, § 30, page 47. It was held in *Gaydica v. Szemko,* 219 App. Div. 835, 220 N. Y. S. 650, that an examination of a party is not allowed to prove "whether or not" facts are as alleged.

The order appealed from is affirmed.

BAKER, C. J., STUKES and TAYLOR, JJ., and BRUCE LITTLEJOHN, A. A. J., concur.