17035

JESSE J. STEPP, Respondent, v. BOBBY O. HORTON, O. K. BOOHER, ATLANTIC GREYHOUND CORPORATION, SOUTHERN RAILWAY COMPANY and SOUTHERN RAILWAY-CAROLINA DIVISION, Defendants, of whom Southern Railway Company and Southern Railway-Carolina Division are Appellants. FANNIE W. STEPP, Respondent, v. BOBBY O. HORTON, O. K. BOOHER, ATLANTIC GREYHOUND CORPORATION, SOUTHERN RAILWAY COMPANY and SOUTHERN RAILWAY-CAROLINA DIVISION, Defendants, of whom Southern Railway Company and Southern Railway-Carolina Division are Appellants. VIRGINIA STEPP, a minor, by her guardian *ad litem,* PAULINE STEPP, Respondent, v. BOBBY O. HORTON, O. K. BOOHER, ATLANTIC GREYHOUND CORPORATION, SOUTHERN RAILWAY COMPANY and SOUTHERN RAILWAY-CAROLINA DIVISION, Defendants, of whom Southern Railway Company and Southern Railway-Carolina Division are Appellants.

(88 S. E. (2d) 258)

*Messrs. Butler & Chapman,* and *Sam R. Watt,* of Spartanburg, *for Appellant,*

*Messrs. J. Z. McKown,* of Gaffney, and *E. W. Johnson,* of Spartanburg, *for Respondents,*

July 20, 1955.

LEGGE, Justice.

These three actions are for recovery of damages for personal injuries and property damage alleged to have resulted from a collision between an automobile in which the plain-

tiffs were riding and an automobile owned and operated by the defendant Booher, who is alleged to have been at the time an agent, servant or employee of the defendant railway companies and engaged about their business. The accident occurred on U. S. Highway No. 29 in Cherokee County, not far from the Spartanburg County line, and according to the verified complaint in each case, in the following manner. The Stepp car was traveling toward Spartanburg, and on its proper side of the highway; behind it, in the same traffic lane, was a car driven by one Richard Henry Thomas; behind the Thomas car was a bus of the defendant Atlantic Greyhound Corporation; approaching from the direction of Spartanburg was a car driven by the defendant Horton, and behind it, traveling in the same direction, was the car of the defendant Booher. In this situation the Greyhound bus started to overtake and pass the Thomas and Stepp cars, and when it was abreast of the Thomas car and thus in the path of the Horton car, Horton applied his brakes, pulled to his right, and stopped; the Booher car then swerved to its left and collided head-on with the Stepp car.

The answer of the defendants Southern Railway Company and Southern Railway-Carolina Division in each case contained a denial of certain of the allegations of the complaint, among them the allegation that at the time of the accident the defendant Booher was engaged about their business. These answers were verified by George Conniffe, a claim agent of the defendant Southern Railway Company.

Plaintiff in each case, in the manner provided in Section 26-503 of the 1952 Code, moved before the Honorable Bruce Littlejohn, Judge of the Seventh Judicial Circuit, for an order requiring Mr. Conniffe to appear before him for examination by the plaintiff before trial; and from Judge Littlejohn's order granting that motion in each case and referring the examination to a special referee as authorized by Section 26-506 of the Code, the defendant railway companies appeal. The issues in the three appeals are identical.

The motion in each case was based upon the complaint and the answer of the said defendants, to which we have referred, and upon an affidavit of counsel for the plaintiff to the effect that so much of the answer as denied the allegations of Booher's agency was inconsistent with the testimony given by Booher in a companion case, in which Pauline Stepp was plaintiff and Booher was the sole defendant, that had been tried in the County Court of Spartanburg County prior to the commencement of the present actions.

One obvious purpose of the proposed pretrial examination of the claim agent, Mr. Conniffe, is to endeavor to elicit through such examination facts tending to support plaintiff's allegation of Booher's agency, a basic element of their alleged causes of action against these defendants. This is a proper field of such inquiry. *People's Bank of Hartsville v. Helms,* 140 S. C. 107, 138 S. E. 622; *Mahaffey v. Southern Railway Co.,* 175 S. C. 198, 178 S. E. 838. Determination of whether "good and sufficient cause" for such examination had been shown was a matter resting in the discretion of the circuit judge. *Planters Fertilizer & Phosphate Co. v. McCreight,* 187 S. C. 483, 198 S. E. 405; *Williams v. Southern Life Insurance Co.,* 224 S. C. 415, 79 S. E. (2d) 365. We find no abuse of discretion in the granting of the motions in the instant cases.

The orders of the lower court are affirmed.

STUKES, TAYLOR and OXNER, JJ., and J. WOODROW LEWIS, Acting Associate Justice, concur.