17378

Hester PEAGLER, Appellant, v. ATLANTIC COAST LINE RAIL-
ROAD COMPANY and Kenneth Morton, Jr., and Murray M.
Norris, Respondents

(101 S. E. (2d) 821)

*Messrs. Meyer, Goldberg, Hollings, Lempesis & Uricchio,* of Charleston, *for Appellant,*

*Messrs. Hagood, Rivers & Young,* of Charleston, *for Respondents,*

January 15, 1958.

OXNER, Justice.

This is an appeal from an order issued by Judge Grimball on August 17, 1957 (1) requiring appellant to appear before the Master of Charleston County for pre-trial examination by respondents; (2) directing the United States Veterans Administration to permit respondents to inspect and make copies of the clinical records of appellant while a patient at the Naval Hospital at Charleston, South Carolina, the Veterans Hospital at Ann Arbor, Michigan, and the Veterans Hospital at Augusta, Georgia; (3) directing the Roper Hospital at Charleston to make avaailable for inspection the records of appellant while a patient at that hospital; (4) directing the United States Coast Guard to permit respondents to inspect and copy the service records of appellant; (5) authorizing the respondents to examine by deposition the custodians of the records above set forth and all doctors who treated appellant; (6) staying all proceedings in this cause until respondents have had a reasonable opportunity to examine the foregoing records and take the testimony above mentioned; and (7) vacating an order issued by Judge Grimball on January 19, 1957, similar in most particulars to the one now under review, which was granted upon the *ex parte* application of respondents.

Appellant brought this action in March, 1956, to recover damages in the sum of $130,000.00 for personal injuries received about 6:00 P. M. on November 19, 1955, when a Chevrolet automobile driven by him collided with the side of an empty flat car blocking a railroad crossing in Charleston County. The Railroad Company and the engineer and conductor in charge of the train were made parties defendant. Appellant alleged that the injuries were caused by the negligence, recklessness and willfullness of the Railroad Company, its agents and servants. The defendants denied the material allegations of the complaint and further set up a plea of contributory negligence, recklessness and willfullness.

It appears from an affidavit by one of respondents' attorneys that appellant was an enlisted man in the United States Coast Guard from 1942 through 1944, during which period he was confined on several occasions in the Naval Hospital at Charleston; that he was discharged from the Coast Guard because of physical disability and a neuro-psychiatric condition; that he made claim for service-connected disability benefits, including a claim for injuries to his legs and feet; that after being discharged from the service he was confined in the Naval Hospital at Charleston from September 26 to October 14, 1953, and for a week in November, 1955; that the accident out of which this action arose occurred only two days after he had been discharged from the Naval Hospital; that for injuries received in the accident he was treated at the Roper Hospital in Charleston; that on April 16, 1956, while at Plymouth, Michigan, he fell and fractured one of his legs and was confined in the Veterans Hospital at Ann Arbor from that date to May 4, 1956, after which he returned to Charleston and was in the Naval Hospital there from June 11 to June 18, 1956, when he was transferred to the Veterans Hospital at Augusta, where he remained until June 29, 1956.

It further appears from the foregoing affidavit that appellant now suffers, and has suffered for a number of years, from psychiatric disorders which affect his ability to drive an automobile and that some of the injuries for which compensation is now sought existed prior to the accident. Counsel states in this affidavit that the hospital records would have a very material bearing on appellant's claim for damages for loss of earnings and impaired earning capacity and on his further claim for damages for a nervous condition alleged to have been caused by the accident.

It is also stated in this affidavit that the attorneys for respondents are unable to develop the facts concerning appellant's pre-existing physical condition without his clinical records; that under the rules and regulations of the Veterans Administration these records cannot be inspected by re-

spondents unless appellant gives written permission for them to do so or an order of the Court is obtained authorizing same; and that unless respondents can gain access to these records and be permitted to examine appellant before trial concerning his previous medical record, they cannot properly prepare their defense on the issue of damages.

After the *ex parte* order of January 19, 1957, was issued, the Coast Guard made available to respondents the service and health records of appellant but the other governmental agencies refused to comply with said order and stated that they would do so only upon an order of court issued after notice to appellant and an opportunity for a hearing. Shortly thereafter counsel for respondents made demand upon appellant to produce for inspection all hospital records in his possession or under his control and that he give permission for inspection by respondents of the records in the various hospitals. Appellant refused this demand. Thereafter the order under review was obtained after due notice to appellant and a hearing.

The first contention on this appeal is that Judge Grimball erred in vacating the order made by him on January 19, 1957. Appellant says that the fact that this order was procured by respondents precludes them from seeking to vacate it. It is generally held that courts of general jurisdiction have the inherent power to vacate or set aside their own judgments. Annotation 60 Am. St. Rep. 633. And the fact that the party who obtained such order is the one who is seeking to have it vacated does not necessarily preclude the Court from setting it aside. Annotation 40 A. L. R. (2d) 1127. In *Dedrick v. Charrier*, 15 N. D. 515, 108 N. W. 38, 39, the Court said:

"It is also claimed by the appellants that a party in whose favor a judgment is entered has no right to apply to have it set aside or modified. No reason is apparent why excusable mistakes should not be remedied on behalf of successful litigants as in case of those not successful. The object to be obtained is to do complete justice to all the parties. The

right to remedy mistakes is an inherent power with courts and this power extends to all parties to actions."

In *Foster v. Pruitt,* 168 S. C. 262, 167 S. E. 410, 411, the Court, in holding that the Probate Court was empowered to modify or set aside an order previously made, said: "The court of common pleas and any court for that matter, may modify or set aside judgments made therein, if said action be taken in proper time."

We think under the foregoing authorities Judge Grimball was clearly empowered to vacate his order which had been issued without notice to appellant. No rights of third parties have intervened. Appellant argues that the vacation of the order of January 19, 1957 will prejudice him but this ordinarily is not a sufficient ground for refusing to vacate. See page 1136 of Annotation in 40 A. L. R. (2d).

We next consider whether the Court erred in requiring appellant to submit to a pre-trial examination under Section 26-503 *et seq.* of the 1952 Code. Respondents asked for this examination for the purpose of ascertaining the names of the hospitals in which appellant had been confined and the doctors who have treated him and examining any records in his possession relating to his pre-existing physical condition. Respondents claim that this information is essential to their defense on the issue of damages and cannot be obtained otherwise.

Determination of whether "good and sufficient cause" for examination under this statute has been shown is addressed to the discretion of the Circuit Judge. *Planters Fertilizer & Phosphate Co. v. McCreight,* 187 S. C. 483, 198 S. E. 405; *Williams v. Southern Life Ins. Co.,* 224 S. C. 415, 79 S. E. (2d) 365. We find no abuse of discretion. *Mahaffey v. Southern Railway Co.,* 175 S. C. 198, 178 S. E. 838; *Stepp v. Horton,* 227 S. C. 432, 88 S. E. (2d) 258. Of course, the examination of appellant will be strictly limited to the matters above mentioned.

In *Mahaffey v. Southern Railway Co., supra,* a plaintiff suing for injuries sustained when a train in which he was riding crashed into some unlighted freight cars was permitted to examine the agents of the railroad before the trial to determine who placed such cars upon the main line and to determine the rules of the railroad in force at the time of the collision, dealing with storage in the night time of box cars on the main line. In *Stepp v. Horton, supra,* we held that the Circuit Court was warranted in permitting the plaintiff to examine the claim agent of the railroad company to determine whether at the time of the accident the driver of the motor vehicle colliding with the automobile in which plaintiff was riding was an agent of the railway company.

It is contended that the affidavit upon which the order was issued is defective in that some of the facts are stated on information and belief without disclosing the sources of such information as required by *United States Tire Company v. Keystone Tire Sales Co.,* 153 S. C. 56, 150 S. E. 347, 66 A. L. R. 1264. It may not be amiss to state that appellant made no showing contradictory to the facts contained in this affidavit. The Circuit Judge had before him not only this affidavit but the pleadings. After careful consideration, we think there was enough to justify the Court below in ordering this examination.

We now turn to the question of whether the Court erred in directing the Veterans Administration to allow respondents to inspect and make copies of appellant's clinical records in the hospitals at Charleston, Ann Arbor and Augusta. It appears from the regulations of the Veterans Administration that where the records are to be used adversely to the veteran and he refuses to consent to their inspection, a State Court may order their production where "the disclosure of the records is necessary and proper to prevent a fraud or other injustice." Although not mentioned by counsel, it further appears that under Section 456 of Title 38, U. S. C. A., the Administrator of Veterans' Affairs is authorized to disclose the records pertaining to

any claim for benefits when in his judgment "such disclosure is deemed necessary and proper" in any judicial proceeding. This section is now covered by Section 3201 of Title 38 which permits such disclosure "in all other judicial proceedings, when in the judgment of the Administrator of Veterans' Affairs such disclosure is deemed necessary and proper."

Section 456, *supra*, was discussed by the Court in the recent case of *Kassow v. Robertson*, Ohio Com. Pl., 143 N. E. (2d) 926, 927. This was an action by a passenger in a truck to recover damages for injuries to his back and nervous system sustained when the defendant's vehicle collided with the rear end of the truck. The defendant claimed that plaintiff had pre-existing back injuries and nervous disorders and had been confined in various Veterans Hospitals for long periods of time for treament of his back injuries. The defendant sought to compel the production of the records of the Veterans Administration pertaining to the plaintiff and to secure the testimony of the doctor who treated him. The Court refused to permit an examination of the physician because communications between patient and physician are privileged under the statutes of Ohio but held that the defendant could inspect and introduce the records of the Veterans Administration, provided permission was first obtained from the Administrator. The Court there quoted the following from American Law of Veterans, 2nd Ed., page 63: "The rule against disclosure of information contained in Veterans Administration records is subject to certain exceptions. The Administrator of Veterans Affairs is authorized to release information, statistics, or reports to individuals or organizations when in his judgment such release would serve a useful purpose."

We think the circumstances here fully justify the order allowing an inspection of the clinical records of appellant during the periods he was confined in the various Government hospitals. Such order is clearly in the interest of justice. While the Veterans Administration is apparently will-

ing to comply with the order under appeal, we are not concerned with the question of whether the Administrator is compelled to comply. It is contended that discovery under our statutes is limited to parties to the action and that since the governmental agencies mentioned are not parties, they cannot be required to produce for inspection the clinical records of appellant. We do not think the regulations of the Veterans Administration and the Federal statutes mentioned require that the Veterans Administration be made a party to the action.

Finally, appellant contends that his clinical records are privileged both under the Federal statutes and under the law of South Carolina. We have discussed the matter of privilege so far as the Federal statutes and regulations are concerned. There only remains the question of whether under the law of South Carolina communications between physician and patient are privileged. There was no such privilege at common law. 97 C. J. S., Witnesses, § 293; 58 Am. Jur., Witnesses, Section 401; McCormick on Evidence, Section 101, page 211; Handbook on South Carolina Evidence, Whaley, S. C. Law Quarterly, Volume 9, No. 4A, page 30. Statutes have been enacted in most states making communications between physician and patient privileged from compulsory disclosure but as pointed out by Judge Whaley in his Handbook on Evidence, there is no such statute in South Carolina. Also, see *Holbert v. Chase,* D. C., 12 F. R. D. 171. Therefore, the common-law rule prevails. We think the language of Mr. Justice Bonham, later Chief Justice, in *Cole's Next of Kin v. Anderson Cotton Mills,* 191 S. C. 458, 4 S. E. (2d) 908, indicating that such a privilege exists in this State must be regarded as dictum.

In reference to the United States Coast Guard, the order made available to respondents for inspection all the records of appellant while in the service. This provision of the order is entirely too broad. Inspection must be confined to such of the records in the Coast Guard as

relate to appellant's health and any physical injuries sustained.

We next consider that portion of the order directing the Roper Hospital at Charleston to make available for inspection the clinical records of appellant while a patient in that institution. Appellant was taken there and treated after the accident out of which this action arose. There is no showing that this institution has denied respondents access to these records nor is there any good reason why respondents cannot require the Roper Hospital to make these records available at the trial.

There remains for consideration that portion of the order authorizing the taking of depositions. It authorizes respondents "to examine by way of deposition the person or persons having the custody of the records above set forth, the doctors who examined and treated the plaintiff and such other witnesses as the records may disclose as having information that would have a bearing on the merits of the above entitled cause." Clearly there is no basis for such blanket authorization. If respondents desire to take testimony by deposition of any witness, they must follow the statutory requirements.

The order under appeal is modified in accordance with the views herein expressed.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.