### 17420

Marvin BARFIELD, Respondent, v. DILLON MOTOR SALES, Inc., Appellant

(103 S. E. (2d) 416)

*Messrs. Herbert Britt* and *W. B. Hawkins,* of Dillon, *for Appellant,*

*Messrs. J. Milton McDonald,* of Dillon, and *McDonald & McDonald,* of Florence, *for Respondent,*

May 1, 1958.

Moss, Justice.

Marvin Barfield, the respondent herein, who was an employee of Dillon Motor Sales, Inc., appellant, commenced this action to recover damages for injuries alleged to have been sustained by him as a direct result of a fire caused and occasioned by the negligence, carelessness and recklessness on the part of the appellant.

The complaint alleges, *inter alia,* that the appellant, by its officers and employees, was negligent and reckless in keeping highly inflammable liquids in its garage paint shop, and that on February 24, 1956, an employee of the appellant with-

drew a small portion of inflammable liquid or lacquer thinner from a barrel and used it to fill a cigarette lighter, and that this said employee struck the cigarette lighter and the same immediately burst into flames, igniting the fumes and liquid from said barrel; that the flames so produced enveloped the respondent, causing horrible burns about his entire face, arms, hands, feet and legs.

The respondent alleged in his complaint that the appellant regularly employed fifteen or more employees, and, not being exempt therefrom, was subject to the South Carolina Workmen's Compensation Law. The complaint then alleges that the appellant had elected not to accept the provisions of the said South Carolina Workmen's Compensation Law, and as a result of such failure on the part of the appellant to comply therewith, the appellant would not be permitted to defend this action on the ground that the respondent was negligent, or that his injuries were caused by the negligence of a fellow servant, or from a risk assumed by the respondent. Section 72-118, 1952 Code of Laws of South Carolina.

The appellant answered the complaint denying the allegations thereof, and alleging that it did not have a sufficient number of employees to require it to be subject to the provisions of the South Carolina Workmen's Compensation Law. The answer further set up the defenses of sole negligence of the respondent, contributory negligence of the respondent, negligence of a fellow servant, and assumption of risk.

Prior to the service of the answer by appellant, the respondent moved for an order requiring the appellant to produce its records, showing the names of its employees and certain records relating thereto for a period prior to the respondent's injuries. This motion was heard by the Honorable J. Woodrow Lewis, the Resident Judge of the Fourth Judicial Circuit, and an oral ruling was made that the motion was premature. After the appellant served its answer, the respondent renewed his motion to require the appellant to

produce its records. This motion was likewise denied by Judge Lewis. This motion was made pursuant to Section 26-502 of the 1952 Code of Laws of South Carolina, and Rule 43 of the Circuit Court. In refusing the motion, Judge Lewis held that "The pleadings failed to show sufficient grounds for the granting of plaintiff's motion and it must be denied for failure to make the requisite showing by affidavit in conformity with the applicable rules."

Thereafter, the respondent moved for an order before Honorable Bruce Littlejohn, the Presiding Judge, to permit him to examine before trial W. K. Caldwell, an officer of the appellant, and Mrs. Elizabeth Porter, bookkeeper of the appellant, with respect to their knowledge, information and records of the appellant, which would disclose information as to the nature of the employment or contracts of hire of all employees of the appellant on February 24, 1956, and for the six months period prior thereto. This motion was based upon the provisions of Section 26-503 of the 1952 Code of Laws of South Carolina, the complaint and answer in the cause, and upon the affidavit of respondent, and a certificate of respondent's attorney.

The affidavit of respondent states that at the time of his injury on February 24, 1956, and during the immediate period prior thereto, the appellant had in its employ seventeen persons whom he identified by name. However, the affidavit further states:

"That in order for deponent to safely go to trial, it is necessary that deponent know prior to trial, the nature of the contract of hire of the foregoing named persons who were working at the defendant's place of business in order to establish the foregoing necessary allegations of deponent's cause of action and to gather proof that each of said persons was an employee of defendant within the meaning of Section 72-11 of the Workmen's Compensation Act.

"That the nature of the contract of hire of said persons is exclusively within the knowledge of W. K. Caldwell,

Dillon, S. C., an officer of the defendant corporation, and of Mrs. Elizabeth Porter, Dillon, S. C., the person in charge of the books of the defendant corporation; and that the nature of said contract of hire is not within the personal knowledge of deponent, nor is the same available to deponent.

"That the issues upon trial will be narrowed and the length of the trial greatly shortened by permitting deponent to examine the aforesaid officers of the defendant corporation, prior to trial, so that deponent may determine accurately what facts will be in dispute as to each such person defendant contends was not an employee, within the meaning of the Workmen's Compensation Act."

The trial Judge did, on December 21, 1957, file an order allowing the respondent to examine the officer and agent of the appellant mentioned in the motion, and referred the matter to the Master of Dillon County so that the said parties could be examined:

"With respect to their knowledge, information and records of the defendant, which will or may disclose information as to the nature of the employment or contracts of hire of all employees of the defendant on February 24, 1956, and for the period six months prior thereto."

The appellant is properly before this Court on a number of exceptions which challenges the correctness of the order of the trial Judge requiring the officer and agent of the appellant to appear before the Master of Dillon County for pre-trial examination by the respondent.

The 1952 Code of Laws, Section 26-503, provides for the examination of the adverse party before trial. This section is as follows:

"The examination, instead of being had at the trial as provided in § 26-510, may be had at any time before trial, at the option of the party claiming it, before a judge of the court, on a previous notice of at least five days to the party to be examined and any other adverse party, unless, for good cause shown, the judge order otherwise. But the party

to be examined shall not be compelled to attend in any other county than that of his residence or where he may be served with a summons for his attendance, unless it be upon the order of a judge of the court granted after four days' notice and upon good and sufficient cause being shown therefor."

The respondent asks for an examination of a named officer and a named employee of the appellant corporation for the purpose of ascertaining the nature of the employment or contracts of hire of all employees of the appellant at the time of his injury, and for the period of six months prior thereto. This information was essential to the cause of action set forth in the complaint of the respondent. If the appellant had fifteen or more employees, who were such as is defined in section 72-11 of the 1952 Code of Laws of South Carolina, and the appellant had not qualified under the Workmen's Compensation Act, the appellant would not be entitled to plead as a defense that the respondent was negligent, or that his injury was caused by the negligence of a fellow servant, or that the injuries received by him were caused by risks assumed as an incident to his employment.

In the case of *Mahaffey v. Southern Ry. Co.,* 175 S. C. 198, 178 S. E. 838, this Court, in adopting the order of the Circuit Judge, granting a pre-trial examination of agents of the Railway Company, said:

"The statute upon which the plaintiff predicates his motion 'is a convenient substitute for the old bill of discovery in equity, and is largely regulated by the principles applicable to that proceeding.' *People's Bank of Hartsville v. Helms,* 1927, 140 S. C. 107, 112, 138 S. E. 622, 624. This remedy of discovery survives today, as Mr. Justice Cardozo in a notable opinion from the Supreme Court of the United States pointedly observes, 'chiefly, if not wholly, to give facility to proof,' for 'cases will not be proved, or will be proved clumsily or wastefully, if the litigant is not permitted to gather his evidence in advance.' *Sinclair Refining Co.*

*v. Jenkins Petroleum Process Co.,* 1933, 289 U. S. 689, 693, 53 S. Ct. 736, 737, 77 L. Ed. 1449, 88 A. L. R. 496.

"Indeed, the ruling purpose behind this statute and the remedy of discovery 'is to assist and promote the administration of public justice, in courts. *People's Bank v. Helms, supra.* Speaking of a federal equity rule very similar to our statute and counseling great liberality in the granting of relief similar to the immediate application, *Miller & Pardee v. Lawrence A. Sweet Mfg. Co.,* D. C. Cal. 1925, 3 F. (2d) 198, 199, puts it: 'The day is no longer here when the court room will furnish the arena for an exhibition of purely strategic moves on the legal chessboard.' And resort to such a statute by litigants before actual trial has been well commended, 'to the end that the issues may be narrowed and the time of the court saved, as well as that expense of the trial may be reduced.' *Cobb Temperature Regulator Co. v. Baird,* D. C. Cal. 1923, 292 F. 909, 910."

This Court, in the recent case of *Peagler v. Atlantic Coast Line Railroad Co.,* S. C., 101 S. E. (2d) 821, 824, said:

"Determination of whether 'good and sufficient cause' for examination under this statute has been shown is addressed to the discretion of the Circuit Judge. *Planters Fertilizer & Phosphate Co. v. McCreight,* 187 S. C. 483, 198 S. E. 405; *Williams v. Southern Life Ins. Co.,* 224 S. C. 415, 79 S. E. (2d) 365. We find no abuse of discretion. *Mahaffey v. Southern Railway Co.,* 175 S. C. 198, 178 S. E. 838; *Stepp v. Horton,* 227 S. C. 432, 88 S. E. (2d) 258. Of course, the examination of appellant will be strictly limited to the matters above mentioned."

The appellant asserts that since the respondent alleged in his complaint that the appellant had more than fifteen employees, and also that the respondent has named in his affidavit seventeen persons who were working at the appellant's place of business at the time of his injury, such precludes the examination of appellant as to the nature of the employment of these persons. In other words, the appellant

asserts that the respondent already knows the facts sought to be discovered by the pre-trial examination.

We do not agree with this contention. It is imperative that the respondent know whether any of the seventeen persons named in his affidavit would be excluded from the term "employee" as such is used in Section 72-11, 1952 Code of Laws of South Carolina, which excludes persons whose employment is both causal and not in the course of the trade, business, profession, or occupation of his employer. There is also excluded persons who are independent contractors. Likewise the appellant asserts that the respondent should be denied a pre-trial examination because he can obtain the information in question from other sources.

We quote again from the case of *Mahaffey v. Southern Ry. Co., supra:*

"The defendants argue, though, that relief should be denied because the plaintiff can obtain the information in question from other sources than the defendants themselves. It might be that the plaintiff could prove both of these matters in some way other than through the examination of the parties named in the notice. However, such procedure would be unduly cumbersome, would require a considerable waste of time in the trial of the cause, and would needlessly increase the expense of the trial, both to the litigants and to the county. The granting of the motion, on the other hand, 'is conducive to that preparation of a case which insures dispatch in the conduct of the litigation and an intelligent disposition of the real points of controversy.' *Wells v. Holman,* 1921, 115 S. C. 443, 447, 106 S. E. 224, 225. The purpose of the statute will be clearly subserved by the granting of the relief sought."

The appellant charges that the trial Judge committed error in directing a pre-trial examination of an officer and employee of the appellant because the information sought to be discovered related exclusively to matters upon which the appellant based its defense.

It should be kept in mind that the complaint alleges that the appellant had in its employ fifteen or more persons. The answer denies this allegation. The answer affirmatively alleges that the appellant did not have in its employ a sufficient number of employees to require it to be subject to the provisions of the South Carolina Workmen's Compensation Law.

In the case of *People's Bank of Hartsville v. Helms,* 140 S. C. 107, 138 S. E. 622, 624, this Court said:

"One of the limitations upon the exercise of that right was that it could not be invoked for the purpose of 'the disclosure before trial of the evidence by which the opposite party will support its own allegations.' *Texas Co. v. Cohen, supra.* As expressed by Mr. Pomeroy:

" '* * * The plaintiff may compel the discovery of all facts material to his own cause of action, even though the defendant's evidence may thereby be incidentally disclosed, as for example where the establishment of the plaintiff's title or cause of action involves the proof of fraud, and the defendant, besides discovering what the case is, on which he relies, can be compelled to disclose all facts which would by way of evidence, tend to impeach or destroy it, unless otherwise privileged, since such facts are material evidence for his adversary, but he is not bound to disclose any evidence by which he intends to or may support his case, for such evidence cannot be material to the plaintiff.' 1 Pom. Eq. Jur. (Ed. 1881) § 201. *Carpenter v. Winn,* 221 U. S. 533, 31 S. Ct. 683, 55 L. Ed. 842; [*J. H.*] *Day Co. v. Mountain City Mill Co.,* D. C. 225 F. 622; *Taylor v. Ford Co.,* D. C., 2 F. (2d) 473."

In the case of *Williams v. Southern Life Ins. Co.,* 224 S. C. 415, 419, 79 S. E. (2d) 365, 367, an action was brought on a life insurance policy. The defendants moved for a pre-trial examination of the plaintiff. The lower Court refused the motion. This Court held that the information sought was peculiarly within the knowledge of the defend-

ants. In affirming the lower Court, it was held that since the granting or refusal of a motion for a pre-trial examination of the adverse party rests largely in the sound discretion of the trial Judge, and no abuse thereof having been shown, the order of the lower Court was affirmed. However, we quote the following from the opinion:

"Apparently the defendants seek to discover the evidence on which the plaintiff bases her cause of action. It is improper to grant an examination for this purpose. 27 C. J. S. Discovery § 30, p. 47. It was held in *Gaydica v. Szemko*, 219 App. Div. 835, 220 N. Y. S. 650, that an examination of a party is not allowed to prove 'whether or not' facts are as alleged."

In the recent case of *Ellen v. King*, 227 S. C. 481, 88 S. E. (2d) 598, 605, we said:

"* * * Accordingly we have held in and since the *Helms case* that while a party may examine his adversary before trial as to matters material to the examining party's cause of action or defense, the party examined cannot be required to disclose the evidence on which he intends to base his case. * * *"

The pre-trial examination sought by the respondent is not for the purpose of discovering evidence in support of the allegations of appellant's answer. It is for the sole purpose of establishing whether or not the appellant was subject to and bound by the terms of the Workmen's Compensation Act on the date of respondent's injuries. What the respondent seeks by the pre-trial examination is material to his cause of action.

In *Mahaffey v. Southern Railway Co., supra,* a plaintiff suing for injuries sustained when a train in which he was riding crashed into some unlighted freight cars, was permitted to examine the agent of the Railroad before trial to determine who placed such cars upon the main line, and to determine the rules of the Railroad enforced at the time of the collision, dealing with storage in the nighttime of box cars on the main line.

In the case of *Stepp v. Horton,* 227 S. C. 432, 88 S. E. (2d) 258, 260, it was alleged in the complaints that one Booher was an agent of the defendant Railway Company. The answer denied the allegation that Booher was an agent of the Railroad. A motion was made by the plaintiff for an order to examine the claim agent of the Railway Company for the purpose of determining whether or not Booher was its agent. This Court, in affirming an order granting such motion, said:

"One obvious purpose of the proposed pretrial examination of the claim agent, Mr. Conniffe, is to endeavor to elicit through such examination facts tending to support plaintiffs' allegation of Booher's agency, a basic element of their alleged causes of action against these defendants. This is a proper field of such inquiry. *People's Bank of Hartsville v. Helms,* 140 S. C. 107, 138 S. E. 622; *Mahaffey v. Southern Railway Co.,* 175 S. C. 198, 178 S. E. 838. Determination of whether 'good and sufficient cause' for such examination had been shown was a matter resting in the discretion of the circuit judge. *Planters Fertilizer & Phosphate Co. v. McCreight,* 187 S. C. 483, 198 S. E. 405; *Williams v. Southern Life Insurance Co.,* 224 S. C. 415, 79 S. E. (2d) 365. We find no abuse of discretion in the granting of the motions in the instant cases."

The appellant contends that because Judge J. Woodrow Lewis had previously passed an order in this cause refusing the relief demanded in the motion before him, that such precluded Judge Bruce Littlejohn from hearing and granting the motion for a pre-trial examination of an officer and an employee of the appellant. The motion as made before Judge Lewis was for an order "requiring the defendant, Dillon Motor Sales, Inc., by its officers and agents, to produce the records made and kept by said corporation, showing the names of its employees during the calendar year, 1955, and during the first quarter of the year 1956, and especially the return to the Director of Internal Revenue for said period showing said employees and their wages due them subject to the Social Security Act."

The foregoing motion was made pursuant to the provisions of Section 26-502 of the 1952 Code of Laws of South Carolina, and Rule 43 of the Circuit Court.

The motion as made before Judge Bruce Littlejohn was for "an order permitting plaintiff to examine before trial the said W. K. Caldwell, an officer of the defendant, and Mrs. Elizabeth Porter, bookkeeper of the defendant, with respect to their knowledge, information and records of the defendant, which will or may disclose information as to the nature of the employment or contracts of hire of all employees of the defendant on February 24, 1956, and for the period six months prior thereto, said motion to be based upon the provisions of Section 26-503, Code of Laws, 1952, the complaint and answer in this cause, and upon the attached affidavit of plaintiff and certificate of plaintiff's attorney."

Reference to the two motions, from which we have quoted, shows that the motion before Judge Lewis was made pursuant to Section 26-502 of the 1952 Code of Laws of South Carolina, and Rule 43 of the Circuit Court, and was made for the purpose of seeking an inspection of certain books, papers and documents in the possession of the appellant. The motion before Judge Littlejohn was made pursuant to Section 26-503 of the 1952 Code of Laws of South Carolina, and was supported by an affidavit pursuant to Rule 44 of the Circuit Court. It thus appears that the relief sought before Judge Littlejohn was entirely different and distinct from the relief sought before Judge Lewis. We conclude that the previous order of Judge Lewis did not determine the issue made before Judge Littlejohn.

The appellant also asserts that the trial Judge committed error in permitting a pre-trial examination of a named officer and a named employee of the appellant, rather than the defendant itself through its officers and employees.

The Notice of Motion for pre-trial examination was directed to the named attorney for the appellant and also to

W. K. Caldwell, an officer of the appellant, and to Mrs. Elizabeth Porter, an employee and bookkeeper of the appellant. Judge Littlejohn referred the matter to the Master of Dillon County, and directed that "W. K. Caldwell and Mrs. Elizabeth Porter, officers, agents or employees of the corporate defendant, Dillon Motor Sales, Inc., both being residents of Dillon County, State aforesaid, do appear for examination before the said Master at Dillon, South Carolina, * * *"

The question made by the appellant has been adversely answered to its contention in the case of *United States Tire Co. v. Keystone Tire Sales Co.,* 153 S. C. 56, 150 S. E. 347, 349, 66 A. L. R. 1264, from which we quote the following:

"The appellant questions the right of the circuit judge to require the president and other officers of the defendant corporation to appear for examination. It seems to us, and we so hold, that, when it is proper for a corporation to be examined, under the provisions of chapter 6 of the Code, it is also proper for the officers of the corporation to be so examined, for, as indicated before, a corporation must speak and act through its officers. We frankly admit that our holding does not seem to be in accord with the holdings generally in this regard (see 14 Cyc., 340), since our statute does not expressly provide for the examination of the officers of a corporation when the corporation is a party to a suit. If a corporation can be examined, and we have so held, it would be a denial of the right to have that examination to hold that its officers cannot be examined. Under the old rule that a corporation could not be examined, the examination was still procured by making the officers and agents of the corporation parties to the action, which required their examination. Under our view, it is not now necessary to seek a way to get around the law. Of course, the examination of these officers and agents is to be limited to the affairs of the corporation involved in the litigation, to which the corporation is a party."

We are of the opinion that all exceptions should be dismissed, and that the order appealed from should be affirmed.

During the pendency of the appeal in this case, the writer of this opinion issued an order of supersedeas staying all proceedings in the Court below pending the disposition of the appeal in this Court. The affirmance of the judgment below, of course, vacates the supersedeas.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.