17627

J. W. WILLIAMSON, Respondent, v. SOUTH CAROLINA ELECTRIC & GAS COMPANY, Appellant

(113 S. E. (2d) 345)

102

*Messrs. Moss & Moss,* and *Rosen & Horger,* of Orange-
burg, *for Appellant,*

*Messrs. Marshall B. Williams,* of Orangeburg, and *Edens & Hammer,* of Columbia, *for Respondent,*

*Messrs. Moss & Moss,* and *Rosen & Horger,* of Orangeburg, *for Appellant, in Reply,*

March 16, 1960.

Moss, Justice.

J. W. Williamson, the respondent herein, was on August 17, 1957, the owner of a cotton gin located in the Town of Norway, County of Orangeburg, South Carolina. The appellant, South Carolina Electric & Gas Company, was at

the time aforesaid engaged in the business of producing, selling and distributing electrical current in the County of Orangeburg, South Carolina, and the respondent was one of its customers, and obtained from the appellant electric current for the operation of his cotton gin.

The respondent instituted this action against the appellant to recover damages for the destruction of his cotton gin on the date above set out, as a result of a fire allegedly caused by the negligence and willfullness of the appellant, in causing and permitting defective, improper and dangerous conditions to exist in its equipment and appliances used to conduct electricity serving the said cotton gin. The appellant filed an answer and pleads a general denial as its first defense; for a second defense it pleads the rules and regulations under which it operates as a public utility; the third defense pleads an Act of God; and by the fourth defense it pleads contributory negligence and willfullness.

The complaint alleges that within several days prior to August 17, 1957, that the electrical power service which was being furnished by the appellant to the respondent, was interrupted on a number of occasions because of power failure. It was also alleged that the electricity supplied by the appellant to the respondent did set on fire the cotton gin of the respondent, completely destroying the same, and the contents thereof, as a result of the negligence and willfullness of the appellant in permitting current of electricity to flow through improper connections; failure to provide tripping or other safety devices; failure to make proper inspections; failure to provide the proper size and type of equipment; and failure to discontinue power service when the equipment and appliances for the transmission of same were not in safe condition.

The respondent herein moved before the Honorable J. Robert Martin, Presiding Judge, pursuant to Section 26-503 of the 1952 Code of Laws, for an order requiring the appellant, by its agent and employee, V. L. Odom, to appear before the said Presiding Judge for examination by the re-

spondent before trial; "Said motion to be based upon the complaint, the answer and affidavits attached hereto." The motion was duly heard by the Presiding Judge and an order granting the same and referring the examination to a special referee, as authorized by Section 26-506 of the said Code, was duly entered. The order requiring the said V. L. Odom to appear for examination by the respondent before said special referee was limited to the following:

"(1) Your knowledge concerning the physical condition of the substation of the S. C. Electric & Gas Company at Norway, South Carolina and what you found when you visited said substation on the 15th and 16th of August, 1957, when you were called about the power failures. (2) Your knowledge concerning what you did on the occasion of going to the substation at Norway, S. C. on the 15th and 16th of August, 1957."

There was attached to the notice of motion above referred to the affidavit of the respondent and the affidavit of Harvey Williamson, the son of respondent. The affidavit of J. W. Williamson asserts that there was a power failure at his cotton gin on August 15, 1957, at about 7:00 P.M., and that by telephone he notified the appellant of such power interruption. Pursuant to such notice, V. L. Odom, an employee of said appellant, came to the Town of Norway and went to appellant's substation and inspected the substation, stating to the deponent that it needed "a particular kind of fuse to correct the condition but he did not have the same and would return to North, South Carolina, and bring the right type of fuse back to Norway, but in the meantime, he had a fuse which he thought would do for the time being, and that we could operate the cotton gin, and that he would notify the gin upon returning to Norway so that it could shut down long enough for him to change the fuse when he got back." The deponent further averred that later, on the same date, pursuant to a request of V. L. Odom, he shut down his gin for a few minutes while the fuses were changed. He further says that the next day there was another power

failure at approximately the same hour of the failure on the previous day; that Odom was again notified and came to Norway, at which time he talked to Harvey Williamson, the son of the deponent.

The affidavit of Harvey Williamson states that there was a power failure at the cotton gin of his father on August 15, 1957, at about 7:00 P. M., and another power failure on the next day at approximately the same hour. His affidavit further states that on each occasion the appellant was notified and V. L. Odom, a representative and employee thereof, came to Norway to restore the electrical service; that on August 16, 1957, that he went to the substation of the appellant and went over to where V. L. Odom was working putting in some fuses. He further says that he went with V. L. Odom to the store of respondent where Odom, in the presence of deponent, placed a telephone call to another representative of appellant, in which conversation deponent heard Odom make the statement "It's something wrong down here and I don't know what it is"; that Odom subsequently left Norway without making any further investigation or inspection. He further says that on August 17, 1957, at about 7:00 P.M., the cotton gin was destroyed by fire.

The appellant gave timely notice of intention to appeal to this Court and challenges the correctness of the order granting the respondent the right to examine appellant's employee, V. L. Odom, prior to trial.

The appellant asserts that the presiding Judge committed error in granting the motion for an order to examine its employee, V. L. Odom, because the said notice of motion failed to set forth any reason for such examination or the facts he sought to discover. The respondent asserts that no such contention was made before the Circuit Judge. A search of the record does not disclose that the position now asserted by the appellant was presented to the lower Court. We find nothing in the record to the contrary, and although the appellant filed a reply brief, it

did not refute this statement. Since the record does not show that the question here asserted was presented to and passed upon by the lower Court, we will not consider such issue. *Reno v. Manufacturers & Jobbers Finance Corp.*, 222 S. C. 401, 73 S. E. (2d) 277. One of the most firmly settled rules of appellate practice is that a question which has not been presented to the lower Court for consideration, will not be considered by this Court on appeal. An appellate court exists for the correction of errors committed in a lower court, and if such court has not had the opportunity to decide the question presented, there is no error for the appellate court to correct. The exception of the appellant posing this question is overruled. We call attention to an article in Vol. 12, No. I, at page 102, of the South Carolina Law Quarterly, on the subject "Timely Preservation of Rights."

The appellant asserts that the presiding Judge committed error in considering the unverified pleadings in this action in determining that the respondent had shown good and sufficient cause to entitle him to an order for an examination of V. L. Odom. In connection with this question the appellant also asserts that it was error for the lower Court to authorize the respondent to examine V. L. Odom in the absence of *prima facie* proof of a legal cause of action against the appellant.

The record shows that the complaint and the answer were unverified. The appellant contends that the court could not, in making its determination that a good and sufficient cause had been shown to entitle the respondent to an order for the examination of V. L. Odom, consider the pleadings. It asserts that a prerequisite to the issuance of an order for the examination of an adverse party prior to trial is the *prima facie* proof of the material allegations of a legal cause of action. It further asserts that unverified pleadings cannot be considered by the Court in determining whether or not good and sufficient cause exists for the examination. The appellant cites, in support of its contention,

the case of *United States Tire Co. v. Keystone Tire Sales Co.,* 153 S. C. 56, 150 S. E. 347, 66 A. L. R. 1264. There it was held that in seeking order for examination before trial, sufficient cause for examination may be shown in complaint without necessity of additional affidavits, but complaint should be verified and at least *prima facie* proof made of material allegations of legal cause of action. In the case of *People's Bank of Hartsville v. Helms,* 140 S. C. 107, 138 S. E. 622, it was held that where the plaintiff moved for an order of examination and relied for good and sufficient cause solely upon the verified complaint and answer, such was sufficient. The two cited cases hold that an order for examination of the adverse party, or its officers or employees if such party be a corporation, can be granted solely upon a verified complaint. These cases do not hold that an order for discovery can not be granted upon a showing made solely by affidavits. We think it was proper for the Court to refer to the unverified complaint to determine the issues for trial, and where the motion for examination of the adverse party is supported by affidavits, such could be granted under the provisions of Section 26-503 of the 1952 Code of Laws of South Carolina.

■ This Court has held many times that the determination of whether "good and sufficient cause" for examination under the foregoing statute has been shown is addressed to the discretion of the Circuit Judge. *Barfield v. Dillon Motor Sales, Inc.,* 233 S. C. 26, 103 S. E. (2d) 416; *Peagler v. Atlanta Coast Line R. Co.,* 232 S. C. 274, 101 S. E. (2d) 821, and *Planters Fertilizer & Phosphate Co. v. McCreight,* 187 S. C. 483, 198 S. E. 405.

■ An examination of the pleadings, supported by the affidavits submitted by the respondent, convinces us that "good and sufficient cause" for the examination of the representative and employee of the appellant was shown. There was no abuse of discretion by the trial Judge in ordering such examination. *Ellen v. King,* 227 S. C. 481, 88 S. E. (2d) 598, and *Stepp v. Horton,* 227 S. C. 432, 88 S. E. (2d) 258.

We think that the order of the trial Judge limiting the examination, by respondent, of V. L. Odom, the representative and employee of the appellant, to the questions heretofore stated, fully protected all of the rights of the appellant. The examination of V. L. Odom is relevant to the issues involved in this action. It is essential to the cause of action asserted by the respondent for him to know what V. L. Odom found and did at the substation on the two days immediately prior to the fire which destroyed the cotton gin of the respondent.

The order of the lower Court is affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.