### TOMS v. RICHMOND &c. RAILROAD COMPANY.

1. Service by Publication—Filing Complaint.—The requirement of § 156 of the Code of Procedure as to filing of the complaint when an order is obtained for publication of summons, stated and considered.

2. Ibid.—Foreign Corporation.—Summons served in another State on a director of a foreign corporation, after order for service of publication, where such corporation had property in this State, but no resident agent or officer here, and no warrant of attachment issued, is not a legal service of the summons.

Before Wallace, J., York, April, 1893.

Action by J. C. Toms against the Richmond and Danville Railroad Company. The opinion states the case. The appeal record did not furnish a copy of the complaint.

*Messrs. Duncan & Sanders,* for appellant.

*Mr. N. W. Hardin,* contra.

March 6, 1894. The opinion of the court was delivered by

Mr. Justice Pope. The plaintiff instituted his action against the defendant in the Court of Common Pleas for York County, in this State. The summons was dated the 2d day of February, 1893, and filed in the office of the clerk of said court on that day. The complaint was dated the 2d day of February, 1893, but was not filed in the office of the clerk of said court until the 21st day of February, 1893. On the 1st day of February,

1893, the plaintiff made an affidavit, wherein he alleged that he had a cause of action against the defendant on account of the negligent killing of plaintiff's son in the town of Blacksburg, in this State; that this cause of action arose in this State; that the defendant has property in this State; that the defendant is a foreign corporation, but has no officer or agent in this State on whom the summons could be served. On this affidavit, the clerk of the Court of Common Pleas for the County of York, in this State, granted the usual order for service of the summons on the defendant by publication. Such summons was actually served on J. C. Pace, as a director of the defendant railroad company, in the city of Richmond, in the State of Virginia, on the 4th day of February, 1893. On the 3d day of February, 1893, such summons was served on T. L. Black, as the agent of the defendant in the town of Blacksburg, in the State of South Carolina.

On the 16th day of February, 1893, the defendant, by its attorneys, gave notice, that for the purpose of moving to set aside the service of the summons upon the defendant, it would appear before Judge Wallace, at Yorkville, South Carolina, at 10 o'clock, on the 3d day of April, 1893, or as soon thereafter as counsel could be heard, and that such motion would be based upon the grounds, that the defendant upon whom service is pretended to have been made is not a resident of this State, and has no agent or officer residing in this State upon whom such service could have legally been made; and further, notice was given that the affidavits upon which such motion would be made would be furnished plaintiff on or before 3d day of April, 1893. On the 20th day of March, 1893, the defendant duly served upon the plaintiff an affidavit made by T. L. Black, wherein it was set forth that said Black was not the agent of the defendant railroad company or an officer of the same on the 3d day of February, 1893, when an attempt was made by plaintiff to serve a summons upon him in the pending action as an agent or officer thereof, and the deponent is not now, and was not then, an officer, agent, secretary, or treasurer of defendant railroad company.

Such motion to set aside the service of the summons was duly

heard at the time noticed for such hearing by Judge Wallace, who thereafter filed the following order: "This is a motion to set aside the service of the summons in this action made upon one T. L. Black at Blacksburg, in this State, and on one James B. Pace in Richmond, Va., as a director of the defendant company. The summons was filed on the 2d of February, 1893, and an order for publication obtained on the same day from the clerk of the court of York County for the publication of the summons, on the affidavit of the plaintiff. At the time this order was obtained, the complaint was not filed. After obtaining this order, a copy of the summons was served personally on one Jas. B. Pace as a director of the defendant, at Richmond, Virginia. No property of the defendant has been attached. Under these facts, it is urged that this is not sufficient to bring the defendant into court. In this view I cannot concur, for while the affidavits submitted satisfy me that T. L. Black is not the agent of the defendant, and the service upon him is not service on the defendant, and could not bring it into court, I think the service on Mr. Pace as a director of the defendant at Richmond, Va., is, under our statute, a sufficient service, and that the order for publication and service was regularly obtained and made, even though complaint was not filed until after the summons was filed and order for publication obtained. It is, therefore, ordered and adjudged, that the motion to set aside the service of the summons herein be refused."

From this order the defendant has duly appealed, and submits that the Circuit Judge erred in six particulars: 1st. In ruling and holding that the service of the summons on James B. Pace, as a director of the defendant, at Richmond, Virginia, was sufficient service upon the defendant, and is sufficient to bring the defendant into court. 2d. In ruling and holding that the order for publication and service was regularly obtained and made, even though the complaint was not filed until after the summons was filed and order for publication obtained. 3d. In not ruling and holding that the courts of the State could only obtain jurisdiction of the person of a non-resident by personal service within the State or by voluntary appearance of the non-resident within the State. 4th. In not ruling and

holding that as there was no attachment issued, or property of the defendant attached, the courts of this State could not obtain jurisdiction of the person of the defendant without personal service on the defendant within the State. 5th. In not ruling and holding that the service of the summons on James B. Pace at Richmond, Va., was not sufficient to bring the defendant into court. 6th. In not setting aside the service of the summons herein.

The second ground of appeal, relating, as it does, to the necessity under section 156 of our Code of filing the complaint in the office of the clerk of the Circuit Court, before an order for publication is granted, will be considered first. This section does use the strong language that the complaint *must* be filed before, &c., yet this is only a part of that sentence of the section. The latter part reads, "and the summons as published must state the time and place of such filing." Now the summons prepared in this case does contain a notice that the complaint *will be filed* in the office of the clerk, &c. There is much force in the position of the appellant in the light of this positive requirement of the Code.

The remaining grounds of appeal practically raise the question that such service of the summons as was had in this case could not confer jurisdiction of the non-resident defendant upon the Court of Common Pleas for York County, in this State, so that a judgment either *in personam* or one *in rem* could be rendered against such defendant. If the plaintiff had attached any of the property of the defendant, such order for publication and the publication thereunder, if everything else had been regular, would have only enabled the court to pronounce a judgment *quo ad* the *rem* attached, and could not have authorized a judgment *in personam*. *Tillinghast* v. *Boston &c. Company*, 39 S. C., 484, and cases there cited. No attachment being had, the court was without jurisdiction. 95 U. S., 714. We do not feel justified in giving any further attention to these matters because the decision just quoted from our own court was made after a thorough consideration of these questions, and this court has several times already adopted such

decision as a controlling authority. It follows, therefore, that the Circuit Judge was in error in the matters complained of.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and the cause be remanded to the Circuit Court, with directions to that court to pass an order setting aside the attempted service of the summons in the action at bar.