## ARMSTRONG v. BRANT.

1. NON-RESIDENTS—SERVICE—JURISDICTION.—Under the terms of section 156 of the Code of Procedure, a non-resident defendant can be served only by publication of summons or by personal service out of the State after publication ordered. When, therefore, order for publication was obtained, but no publication made, and the only service was by copy left with a person of discretion at defendant's residence, there was no valid service, even though a warrant of attachment had been issued and levied on defendant's property in this State. Therefore, a judgment entered on such insufficient service was void for want of jurisdiction of the person.[1]

2. IBID.—IBID.—STATUTES.—The act of 1892, 21 Stat., 104, providing a substituted service by copy left in lieu of the personal service required by

[1] As to the validity of a personal judgment rendered on a constructive service of process, see extensive note to Moyer *v.* Bucks (Ind.), 16 L. R. A., 231.

12—44

section 155 of the Code, as to defendants within the State, cannot be extended to apply to the service on non-resident defendants required by section 156.

3. IBID.—IBID.—REVISED STATUTES.—This construction is strengthened by the incorporation of the amendment of 1892 into section 155 of the Code, and its omission from section 156 in the revision of 1893; for while the Revised Statutes of 1893 were not enacted as statutes are required to be, and, therefore, have not of themselves the force of law, yet they have, by a statute, been approved as a revision, digest, and arrangement of the statute law of the State.

4. CASE CRITICISED.—Gibson v. Everett, 41 S. C., 22, approved, and distinguished from this case.

5. ATTACHMENT—JUDGMENT.—Levying an attachment is a fruitless proceeding, where no valid judgment can be obtained in the main action.

Before WITHERSPOON, J., Hampton, October, 1894.

Action by Armstrong, Cator & Co. against M. O. Brant, commenced in June, 1894.

*Messrs. Julius P. Youmans* and *A. M. Boozer*, for appellant.

*Mr. W. S. Tillinghast,* contra.

April 19, 1895.   The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER.   This is an appeal from an order made by his honor, Judge Witherspoon, refusing a motion to set aside a judgment heretofore recovered by the plaintiffs against the defendant.   This motion was based upon several grounds, amongst which was, that the defendant had never been legally served with process, and hence the court, which rendered the judgment now sought to be set aside, never acquired jurisdiction over the defendant in the case.   It is needless, and would, perhaps, be improper, to consider any of the other grounds upon which the motion was based, under the view which the court takes of the jurisdictional question, and, therefore, these other grounds need not be stated.

The facts out of which the question of jurisdiction arises, are not disputed, and may be stated as follows: The plaintiffs are residents of the city of Baltimore, in the State of Maryland, and the defendant is a resident of the city of Augusta, in the

State of Georgia, and the action in which the judgment in question was recovered by default, defendant not appearing, was brought by the plaintiffs against the defendant on an open account for goods sold and delivered, in the Court of Common Pleas for Hampton County, in the State of South Carolina. At the time the action was commenced, the plaintiffs sued out a warrant of attachment, which was levied upon a tract of land, situate in this State, belonging to the defendant. The plaintiffs also obtained an order for the publication of the summons, but no publication thereof was ever made. The plaintiffs, however, undertook to serve the defendant with a copy of the summons by leaving the same at the residence of the defendant, in the said city of Augusta, with the mother of the defendant, she being a person of suitable age and discretion, residing at the time with the defendant, at her place of residence in the city of Augusta, but the defendant never was *personally* served, either within or without the limits of this State.

So that the vital question which we encounter at the threshold of this case is, whether the court ever acquired jurisdiction to render the judgment now sought to be set aside. If it did not, then the judgment is void, and the defendant is entitled to have it so declared by her motion in the same case. This question turns upon the inquiry whether the defendant was ever made a party to that case in any of the modes prescribed by law for that purpose, and such inquiry is narrowed down to the question whether the defendant was ever legally served with the summons before the judgment in question was rendered; and that depends upon the question whether a non-resident can be made a party to an action, even after a writ of attachment has been regually issued and levied upon real property of the defendant, situate in this State, without publication and mailing a copy of the summons to defendant, and without personal service of the summons *outside of the State,* after the order of publication has been made. Inasmuch as it appears that no publication was ever made, though an order to that effect was made, the precise question here presented is, whether service by leaving a copy of the summons at the residence of defendant *outside of the State,* with a person of suitable

age and discretion, will be sufficient, or whether *personal* service is not necessary?

It seems to us, that this question is conclusively determined by the express terms of section 156 of the Code of Procedure, as found in 2 Rev. Stat., 1893, pp. 67–8, where, after providing a mode by which absent defendants may be made parties to an action, to wit: by the publication, in the cases specified, one of which is: "3. Where he is not a resident of this State, but has property therein, and the court has jurisdiction of the subject of the action"—precisely this case. The section further provides as follows: "Where publication is ordered, *personal* service of the summons out of the State is equivalent to publication and deposit in the post office." It is clear, therefore, that under this express statutory provision, the only way in which a non-resident defendant can be made a party to an action in the courts of this State, is either by publication actually made for the time prescribed, and deposit in the post office, or by *personal* service of the summons on the defendant outside of this State, after an order for publication has been obtained. It follows, therefore, that, as it is admitted in this case that no publication was ever made, and that the summons was not *personally* served upon the defendant, the defendant never was legally made a party to the action in which the judgment in question was rendered, and hence such judgment should be set aside.

It is said, however, that so much of the section of the Code above recited as requires *personal* service on a non-resident when made outside the limits of the State, has been repealed by the act of 1892, 21 Stat., 104, but it will be seen by the reference to that act that it does not purport to alter or repeal any part of section 156 of the Code, from which we have quoted, but its operation is in express terms confined to another section (155); for the language of the act is "that subdivision 4 of section 155 of the Code of Civil Procedure of this State be, and the same is hereby, amended so as to read as follows: 4. In all other cases to the defendant personally or to any person of discretion residing at the residence, or employed at the place of business of said defendant." To allow

the act of 1892 to operate as an amendment to section 156, to which it makes no reference whatever, when by its express terms its operation is confined to another section, relating, as we think, to a different state of things, does not seem to us to be permissible. It seems to us clear that the purpose of section 155 was to provide how service may be made upon a person *within the State*, and then the Code proceeds in the very next section (156) to provide how service may be made upon persons *outside of the State*, for the section opens with these words: "When the person on whom the service of the summons is to be made cannot, after due diligence, be found *within the State*," going on to provide how service may be made in such a case; showing very clearly that the legislature, after providing how service may be made upon a certain class of persons, to wit: those who may be found within the State, by the terms of section 155, intended to provide a different mode of service upon persons of a different class, to wit: those outside of the State. We do not think, therefore, that it is legitimate to apply an amendment, expressly declared to be designed to alter the law as to the mode of serving one class of persons, to a different section prescribing the mode by which service upon another class of persons may be made.

To this construction of the effect of the act of 1892, which we have adopted, the legislature seems to have given its approval; for in the Revised Statutes of 1893, while the amendment of 1892 is incorporated in subdivision 4 of section 155, the terms of section 156 remain unaltered. Now while it is quite true that the Revised Statutes cannot be regarded as having the force of law, by reason of the fact that they were never passed in the mode prescribed by the Constitution, yet it is equally true that, since the passage of the act of 1892, the legislature, by an act approved 4th January, 1894 (21 Stat., 502), declared that the Revised Statutes be approved as a revision, digest, and arrangement of the statute law, "civil and criminal, of the State of South Carolina, as it stood" on the 28th of November, 1893, and has promulgated the same as such in the form which appears in the volume which we have cited.

The Circuit Judge seems to have based his decision entirely upon the case of *Gibson* v. *Everett*, 41 S. C., 22. But an examination of that case will show that it differs widely from this case; for in that case it appeared, not only that an order of publication had been obtained, but that such publication had been actually made, which would have been sufficient to give the court jurisdiction, after the real property of the defendant, within this State, had been attached; but there was, also, in that case, actual service made on the defendant in the State of North Carolina, while in the present case there was no publication made, and no personal service on the defendant in the State of Georgia. That case, therefore, is clearly inapplicable. We avail ourselves of this opportunity of saying that it does not seem to us that there is the slightest foundation for the criticism which seems to have been made of that case—*Gibson* v. *Everett*. We do not think that any point there decided is in conflict with any former decision of this court.

We have not deemed it necessary to consider any question as to the attachment; for assuming, for the purposes of this discussion, that the attachment was free from all objections, yet we do not see how that can affect the question of the jurisdiction, to which alone we have confined our attention. It is conceded, and properly conceded, that an action cannot now, as was formerly the case, be commenced by attachment, but that an attachment is merely a provisional remedy in an action; and while it is undoubtedly true that an attachment may be obtained, upon a proper showing for that purpose, before the summons has been served, provided the action has been commenced by lodging the summons with the sheriff, for service, or is commenced at the time of the obtaining of the warrant of attachment, yet, unless the action is prosecuted to judgment, the attachment will be fruitless of results. Hence we are unable to see how the obtaining a levy of the attachment can effect the question of jurisdiction, upon which alone we base our conclusion

It seems to us that the order appealed from should be reversed, and it is so adjudged.