## O'HARRA v O'HARRA

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3072. Decided Oct. 13, 1939.

Stuart R. Bolin, Columbus, for appellant.

Sandles, Elliott & Ashbaugh, Columbus, for appellee.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Court of Common Pleas, Domestic Relations division, of Franklin County, Ohio.

The proceeding in the trial court was upon a citation in contempt issued at the instance of the plaintiff against the defendant for failure to pay monthly installments of alimony, as per an order of the court made in an alimony action filed February 1, 1929, and adjudicated July 8, 1930.

The contempt proceeding was submitted on an agreed statement of facts and was decided April 1, 1938. It was the finding of the court that defendant was in arrears in the sum of $1,873.00, and it was ordered that defendant purge himself of contempt by the payment of $50.00 per month, as per the former order of the court, and by paying the sum of $25.00 per month on the arrearage of $1,873.00. On May 5, 1939, the trial court, on application of the defendant, modified its former order by reducing the continuing payment to $30.00 per month.

Appellant's assignment of error is predicated entirely upon the claim that in June, 1936, defendant, after having established residence in Reno, Nevada, filed his petition for divorce in that state against the plaintiff and caused summons to be issued thereon and personally served on plaintiff at her residence in Franklin County, Ohio, and that on July 7, 1936, the said Charles O'Harra was granted absolute divorce from his wife, Blanche O'Harra, and thereby was freed from all the obligations thereof.

The agreed statements of facts set out rather fully the various steps taken by defendant through which he procured his divorce in Reno, Nevada.

It is admitted that the district court of Washoe County, Nevada, caused a copy of the complaint and summons to be mailed to the sheriff of Franklin County, Ohio, who, without delay, served the same upon the plaintiff, Blanche O'Harra, by handing her a copy of the same at her residence at 115 Chittenden Avenue, Columbus, Ohio.

The agreed statements of facts contain this additional pertinent fact: "The plaintiff, Blanche O'Harra, at no time during the pendency of the divorce proceeding in Nevada was domiciled in the state of Nevada, nor was she ever at any time in her entire life in the said state of Nevada. This plaintiff did not enter any appearance in said cause and filed no pleadings." The decree of the Nevada court is set out in full, the pertinent portion of which reads as follows: "That the plaintiff by and hereby is granted a decree of divorce from the defendant, final and absolute in form, force and effect, the laws of Nevada providing no interlocutory period, or condition or restriction on re-marriage; and that the bonds of matrimony now and heretofore existing between the plaintiff, Charles A. O'Harra, and the defendant, Blanche O'Harra, be and the same are, hereby dissolved, and the parties freed from the obligation thereof and restored to the status of unmarried persons."

It will be observed that no reference is made in the decree to the alimony judgment in Ohio.

It is the contention of counsel for appellant that the Reno divorce, followed so-called personal service, terminates the Ohio order for alimony payable by installments. We are unable to follow counsel's reasoning.

In appellant's brief, reference is made to several Nevada statutes and a number of decisions of the court of last resort of the state of Nevada. The purported sections of the Nevada statute were not incorporated in the agreed statements of fact and, therefore, may not be considered; this is also true as to the decisions of the Nevada courts, so far as it is sought to have them considered as bearing on the factual questions as to the law of Nevada.

We do not think that the claimed personal service issued from the Nevada court gives any force to the Nevada judgment to be construed as affecting the judgment of the Ohio court as to alimony. The personal service was nothing more than a substitute service and, while it might be a basis for a divorce decree, it could have no other effect. We refer to Ruling Case Law, Volume 1, Page 938:

"Thus a judgment of divorce based on substituted service and secured by the wife in a court having no jurisdiction over the person or property of the husband does not bar a subsequent application upon her part for alimony alone, because jurisdiction to pass on the question of alimony was wanting in the divorce suit even though there was sufficient to sustain a judgment affecting merely the marital status. Similarly, a divorce granted ex parte to the husband in another state whose court acquired no jurisdiction of the wife other than by substituted service does not bar the wife's right subsequently to apply for alimony, even though it is valid so far as the marital status is concerned. Under such circumstances, a statute forbidding the allowance of alimony to a wife against whom her husband has secured a divorce has no application." (Emphasis ours).

In the case of **Gilbert v Gilbert et, 83 Oh St 265**, the wife had brought an action in Cuyahoga County against the husband and procured an order requiring the husband to pay alimony in installments. The husband was in default in his payments. A few years later he went to the state of South Dakota and, after obtaining a residence in that state, brought an action against his wife for a divorce. Personal service summons and copy of petition were served on the wife at her residence in Cleveland, Ohio, and service for publication was also made in accordance with the law of South Dakota. The wife personally appeared at the hearing in

South Dakota and with her counsel contested the husband's action for divorce. In her cross petition she asked alimony, which was granted to her in the sum of $30.00 per month. The judgment and decree of the Ohio Court was put in evidence.

At a subsequent date the wife commenced action in Cuyahoga County to recover back installments under the Ohio decree. Her right to recover was denied solely on the grounds that she had voluntarily entered her appearance in the South Dakota court, where a final judgment and decree was entered absolving the marital relations and granting the wife permanent alimony.

Careful reading of this case, we think, is very clearly declaratory against the contention of the appellant in the instant case.

We have been referred to the following cases to the effect that personal service on a non-resident is "constructive," the same as service for publication:

Payne v Brooks (Mo.) 217 S.W. 595.
Williamson v Falkenhagen (Minn.) 227 N. W. 429.
Kilmorle v Houston & T. C. Railway (Tex.) 12 S. W. 698.
Toms v Richmond (S. C.) 19 S. E. 142.
Long v Home Insurance Company (N. C.) 19 N. E. 347.
Snyder v Brittinger (W. Va.) 139 S. E. 755.
Anheuser-Busch Brewery Association v Peterson (Neb.) 69 N. W. 373.
Raub v Otterback (Va.) 16 S. E. 933.
Kerr v Wilson (Col.) 14 Pac. (2nd) 10014.
Winnet Times Publishing Company v Berg (Mont.) 265 Pac. 710.
Jenkins v Fahey, 73 N. Y. 355.
Irons v American National Bank (Ga.) 170 S. E. 629.
Spennen v Stover (Ia.) 170 So. 259.
Givens v Harlowe (Mo.) 158 S. W. 355.
Moss v Fitch (Mo.) 111 S. W. 475.

The case of Haddock v Haddock, 201 U.S., Page 562, has been cited and we think is directly in point.

The following Ohio cases are pertinent by analogy:

**Doerr v Forsythe, Admr., 50 Oh St 726.**

**Snyder v Buckeye State Building & Loan Co., 26 Oh Ap 166, Syl 3.**

The case of Walters v Larrick, 28 N. P. N. S. 281, affirmed **39 Oh Ap 363**, motion to certify overruled by the Supreme Court January 28, 1931, is a very interesting case on the question of constructive service.

It is our conclusion that the attempted personal service from the Reno court was in legal effect a constructive service and for that reason would have no effect upon the decree and judgment of the Ohio court. We find no prejudicial error in the judgment of the trial court.

A further question was raised on appellant's application in the trial court for modification of the order on the claimed ground of inability to pay. We have examined the record but do not find it necessary to set aside or alter the trial court's order.

Entry may be presented in accordance with the above opinion.

Cause is remanded for further proceeding according to law.

HORNBECK, PJ. & GEIGER, J., concur.