17929

Mrs. Jane COOK, Appellant, v. Ernest E. DOUGLAS, Respondent

(126 S. E. (2d) 20)

*Messrs. A. Frank Lever, Jr.,* and *E. Pickens Rish,* of Lexington, *for Appellant,*

*Messrs. John Gregg McMaster,* of Columbia, and *R. Milo Smith,* of Lexington, *for Respondent,*

*Messrs. A. Frank Lever, Jr.,* and *E. Pickens Rish,* of Lexington, *for Appellant, in Reply,*

June 7, 1962.

Moss, Justice.

Mrs. Jane Cook, the appellant herein, instituted this action on May 8, 1961, against Ernest E. Douglas, the respondent herein, seeking damages for personal injuries allegedly received by her when the automobile driven by her

was struck in the rear by an automobile driven by said respondent. The answer of the respondent contained a general denial and also a plea of contributory negligence and recklessness.

The respondent, on October 11, 1961, filed his petition with the Clerk of Court of Lexington County, South Carolina, alleging that he desired to take the deposition of the appellant in the manner authorized by Section 26-701 of the 1952 Code of Laws of South Carolina, and praying for an order to be issued by said Clerk requiring the appellant to appear before him on October 25, 1961, in order to give her testimony on oral examination by the attorney for the respondent. Pursuant to said petition, the Clerk of Court issued an order and a subpoena requiring the appellant to appear at the time stated and for the purpose of being examined as is heretofore stated. Notice of the taking of the testimony of the appellant was given to her attorneys by the Clerk on October 11, 1961. Thereafter, on October 16, 1961, the appellant made a motion before the Honorable T. B. Greneker, Resident Judge of the Eleventh Circuit, for an order dismissing the order issued by the Clerk of the Court and to quash the writ of subpoena issued pursuant thereto, which said order directed the appellant to appear before the said Clerk of Court for the purpose of taking her testimony by way of deposition. This motion was heard by Judge Greneker and on December 6, 1961, he issued his order denying the motion of the appellant to dismiss the order and quash the writ of subpoena issued by the Clerk of Court. This appeal followed.

The appellant, by proper exceptions, challenges the correctness of the order of the trial Judge affirming the order and writ of subpoena issued by the Clerk requiring the appellant to appear before said Clerk for pretrial examination by the respondent. It is the position of the appellant that Sections 26-501 through 26-512 of the 1952 Code of Laws provides the exclusive method for the taking of the testi-

mony of an adverse party previous to trial. The appellant takes the further position that Section 26-701 of the Code cannot be invoked in order to subject an adverse party to a completely unrestricted oral examination before trial.

We are not here concerned with two other statutory methods for taking a deposition of a witness. These are set forth in Sections 26-601 and 26-704 of the Code.

The General Assembly of this State, in 1870, abolished the old action of discovery and provided a statutory method by which a party to an action could be examined by his adversary. 14 Stats. 515. Section 26-501 of the 1952 Code is Section 406 of the original act and provides:

"No action to obtain discovery under oath in aid of the prosecution or defense of another action shall be allowed, nor shall any examintion of a party be had on behalf of the adverse party except in the manner prescribed by this chapter."

Section 26-510 of the 1952 Code is the same as Section 407 of the original Act and provides that a party to an action may be examined as a witness, at the instance of the adverse party and for that purpose may be compelled in the same manner and subject to the same rules of an examination as any other witness to testify, either at the trial or conditionally or upon commission.

Section 26-503 of the 1952 Code incorporates, with a slight language change, the provisions of Section 408 of the original Act, together with the amendment of 1923, 33 Stats. 170, which added, "unless it be upon the order of a judge of the court granted after four days' notice and upon good and sufficient cause being shown therefor", and the statute now provides the following:

"The examination, instead of being had at the trial as provided in § 26-510, may be had at any time before trial, at the option of the party claiming it, before a judge of the court, on a previous notice of at least five days to the party

to be examined and any other adverse party, unless, for good cause shown, the judge order otherwise. But the party to be examined shall not be compelled to attend in any other county than that of his residence or where he may be served with a summons for his attendance, unless it be upon the order of a judge of the court granted after four days' notice and upon good and sufficient cause being shown therefor."

Prior to the amendment of 1923, the statute allowed a party the right to examine his adversary, without assigning reason therefor, except the fact that the person sought to be examined was a party to the action. *Fox v. Clifton Mfg. Co.*, 122 S. C. 86, 114 S. E. 700. The effect of the amendment was to deny a party the right to examine his adversary except upon four days' notice and a showing of "good and sufficient cause" for such examination; *Peoples Bank of Hartsville v. Helms et al.*, 140 S. C. 107, 138 S. E. 622; and the determination of whether good and sufficient cause has been shown is addressed to the discretion of the Circuit Judge; *Williamson v. S. C. Elec. & Gas Co.*, 236 S. C. 101, 113 S. E. (2d) 345. It is likewise true that while a party may examine his adversary before trial as to matters material to the examining party's cause of action or defense, the party examined cannot be required to disclose the evidence on which he intends to base his case. *Ellen v. King,* 227 S. C. 481, 88 S. E. (2d) 598.

In the case of *Wallace v. Timmons,* 237 S. C. 411, 117 S. E. (2d) 567, we said:

"Section 26-503 of the 1952 Code, relating to pretrial examination of an adversary party, has for its aim the promotion of efficient administration of justice by permitting a litigant to gather his evidence in advance and thus be enabled to present it at the trial concisely, economically, and without undue waste of the court's time. *Barfield v. Dillon Motor Sales, Inc.,* 233 S. C. 26, 103 S. E. (2d) 416. Section 26-502, under which plaintiff's motion in the case at bar was laid, is concerned with pretrial inspection of books,

papers and documents, in the possession or under the control of the adversary party, containing evidence relating to the merits of the movant's case. Its purpose is identical with that of Section 26-503, and relief under it, as under 26-503, should be granted with liberality."

In the case of *Easler v. Southern Ry. Co.,* 60 S. C. 117, 38 S. E. 258, the defendant, prior to trial, made a motion for an order requiring the plaintiff to allow a personal examination to be made of him by a physician so that such physician could testify as a witness in behalf of the defendant. The trial Judge refused the motion on the ground that he was without power to grant such an order. This Court, in its opinion affirming the lower Court, cited and discussed the statute relating to the pretrial examination of the adverse party and held the remedy provided by the Code superseded that formerly allowed in a court of equity for the examination of a party to the action in behalf of the adverse party, and said: "The remedy provided by the Code for taking testimony before a trial of the parties to the action, in behalf of the adverse party, is exclusive, and supersedes all remedies existing at the time of its adoption, as hereinbefore stated." This statement was reaffirmed by this Court in the case of *Welsh v. Gibbons,* 211 S. C. 516, 46 S. E. (2d) 147, 175 A. L. R. 228.

In the case of *Ellen v. King, supra,* it was contended that the pretrial examination of an adversary under Section 26-503 of the Code was intended to be as unrestricted as the examination of any other witness. This Court rejected this contention and announced its adherence to the rule stated in *Peoples Bank of Hartsville v. Helms et al., supra,* where it was held that a party may examine his adversary before trial as to matters material to the examining party's cause of action or defense, the party examined cannot be required to disclose the evidence on which he intends to base his case.

It is our conclusion that Sections 26-501 through 26-512 of the 1952 Code of Laws, under the factual situation revealed by the pleadings in this case, pro-

vides the exclusive method for the taking of the testimony of the appellant, an adverse party, by the respondent previous to trial.

The respondent contends that Section 26-701 of the Code entitled him to an oral examination of the appellant. This section provides as follows:

"The clerks of the courts of common pleas in this State, in all civil causes or proceedings at issue in the courts of common pleas for their respective counties, shall, upon the application of either party to such cause or proceeding, after ten days' notice to the adverse party, take in writing the depositions of such party or of any witnesses in such cause or proceeding whose examination shall be required by the party making such application. Upon taking the depositions the several parties shall be entitled to the same rights of examination, cross examination and examination in reply and the same exceptions to the admissibility of evidence as are allowed by law upon examination before the court. The deposition so taken shall be certified by the clerk before whom such examination was had and may be read in evidence at the trial of the cause or proceeding, subject, nevertheless, to the right of either party to require the personal attendance and *viva voce* examination of the witness at the trial of the cause or proceeding, the exercise of such right, however, not to cause a continuance or delay in the trial of the cause or proceeding."

We should point out that Sections 26-501 through 26-512 of the Code has to do with the "Examination of Adverse Witnesses; Inspection of Papers, etc.", while Section 26-701 of the Code has to do with the "Examination of Witnesses by Deposition."

Section 26-701 of the Code was originally approved by the General Assembly of this State on February 15, 1872, 15 Stats. 41, and authorized the clerks of the courts of common pleas in this State "to take testimony in certain cases." It also provided in the original Act that the clerks of court,

in all civil causes or proceedings thereafter instituted, or then pending, or at issue, in the courts of common pleas, which, upon the application of either party to such cause or proceeding, after ten days' notice to the adverse party, take, in writing, the depositions of *said party,* or of any witness or witnesses in said cause or proceeding, whose examination shall be required by the party making such application. It thus appears that the words "said party" as were contained in the original Act have been changed to read "such party".

In the case of *Ivy v. Clawson,* 14 S. C. 267, it appears that a deposition of one Sadler, who was not a party to the cause was taken before suit was instituted in which such deposition was to be offered in evidence. The Court held that such testimony so taken under the Act of 1872, 15 Stats. 41, was inadmissible because such was taken before suit was commenced and not taken in a suit pending in the court of common pleas.

The case of *McLaurin v. Wilson,* 16 S. C. 402, was one in which a deposition of one Spann, who was not a party to the action, was taken by the Clerk of Court under the Act of February 15, 1872. At the trial, Spann was present and was examined and cross examined orally, and after the conclusion of the examination the defendants offered in evidence the deposition of Spann taken before the Clerk, which, upon objection was ruled inadmissible upon the ground that the testimony of the witness, taken *ore tenus* superseded the deposition of the witness taken by the Clerk. Upon appeal it was held that a party has the right to require that testimony taken before the Clerk, under the aforementioned Act, be read at the trial, notwithstanding the attendance of the witness so examined and his examination in open court.

The case of *McSween v. McCown,* 21 S. C. 371, was an action brought to vacate and set aside a deed for alleged fraud. The plaintiff, after two continuances of the case had been granted, moved for a reference to take the testimony, on the ground that the witnesses were old and feeble and

that delay in hearing the case might be prolonged. The defendants resisted the motion. An Order of Reference to take the testimony was granted and an appeal followed. It was the contention of the appellants that under the Act of 1872, 15 Stats. 41, that the plaintiff, by application to the Clerk of the Court, could have accomplished their purpose in securing the testimony and preparing for the trial as easily as by reference; that it was the only legal mode of effecting such a result, as prescribed by statute. This Court, in disposing of such position, said:

"* * * It is true that this section does provide a mode to the end suggested, but this is a privilege allowed to parties, and in no way restricts or affects the powers of the presiding judge in such matters. It is a mode prescribed by which parties on their own motion, and independent of any action of the court, may have their witnesses examined in advance and preparatory to the final hearing, but it does not limit the power of the judge in the exercise of his discretion as to the conduct of the cause before him."

It is perfectly apparent that in the cases of *Ivy v. Clawson* and *McLaurin v. Wilson, supra,* the provisions of the Act of 1872 were not used to examine an adverse party but simply to examine a witness by deposition. In the case of *McSween v. McCown, supra,* the Court recognized that the Act of 1872 could be used to take the testimony of witnesses who were old and feeble, but held that the mode prescribed by the statute was one where the parties, on their own motion, could have "their witnesses" examined in advance and preparatory to trial.

A review of the language of Section 26-701 of the Code makes no reference to the examination of an adverse party. To hold that the language of the statute includes adverse parties would be tantamount to a judicial amendment thereof. If we should hold that the respondent in this case had the right to an unrestricted oral examination of the appellant, pursuant to the aforesaid statute,

then we would effectively repeal Sections 26-501 through 26-512 of the Code, which provides the method, procedure and conditions upon which the testimony of an adverse party may be taken previous to trial.

It has been held that a statute which authorizes the taking of the depositions of witnesses, without specific mention of parties, does not authorize the taking of the deposition of a party. 26A C. J. S., Depositions, § 8, at page 27.

It is our conclusion that the only logical and reasonable construction to be placed upon the language of Section 26-701 of the Code is that the clerks of court are authorized, upon application of a party to the action, to take the deposition of "such party" or of any witness in such cause. This construction provides a mode by which a party to an action may preserve and perpetuate his own testimony or that of any witness in the cause.

. We conclude that the respondent was not entitled, under Section 26-701 of the Code, to an unrestricted oral examination of the appellant as an adverse party for the reason that such section does not apply to an adverse party. If the respondent was entitled to examine the appellant as an adverse party, he must proceed as is provided in Sections 26-501 through 26-512 of the Code.

The order of the lower Court is reversed and this case remanded thereto so that a proper order can be taken dismissing the order issued by the Clerk of the Court and quashing the writ of subpoena issued pursuant thereto requiring the appellant to appear for oral examination by the respondent.

Reversed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.