18119

Mrs. Jane COOK, Respondent, v. Ernest E. DOUGLAS, Appellant, Miss Shellie COOK, Respondent, v. Ernest E. DOUGLAS, Appellant.

(133 S. E. (2d) 209)

*Messrs. John Gregg McMaster,* of Columbia, and *R. Milo Smith,* of Lexington, *for Appellant,*

*Messrs. A. Frank Lever, Jr.,* and *E. Pickens Rish,* of Lexington, *for Respondents,*

November 7, 1963.

LEWIS, Justice.

This appeal concerns the right of the defendant, under the provisions of Section 26-701 of the 1962 Code of Laws, to require each of the plaintiffs in two separate actions brought against him to submit to oral pretrial examination as a witness in the action brought by the other.

The plaintiffs, Mrs. Jane Cook and Miss Shellie Cook, instituted separate actions against the defendant Ernest E. Douglas for the recovery of damages for personal injuries sustained by them in a collision of the automobile, in which they were riding, with an automobile driven by the defendant. The defendant applied, under Section 26-701 of the 1962 Code of Laws, in each of the cases brought against him for an order requiring the plaintiff in the other action to appear before the clerk of court for oral pretrial examination as a witness, that is, the defendant sought to take the deposition of Miss Cook as a witness in the case brought by Mrs. Cook, and of Mrs. Cook as a witness in the case brought by Miss Cook. This application to take the deposition of the plaintiffs was denied by the lower court, and the defendant has appealed.

The pertinent portion of Section 26-701, under which the defendant proceeded in the lower court, provides:

"The clerks of the court of common pleas in this State, in all civil causes or proceedings at issue in the courts of common pleas for their respective counties, shall, upon the application of either party to such cause or proceeding, after ten days' notice to the adverse party, take in writing the depositions of such party or of any *witness* in such cause or proceeding whose examination shall be required by the party making such application." (Emphasis added.)

In the case of Mrs. Jane Cook, the defendant previously sought, under Section 26-701, an order requiring Mrs. Cook, an adverse party, to appear before the clerk of court for oral pretrial examination. The right to such pretrial examination under Section 26-701 was denied in a previous appeal to this Court. *Cook v. Douglas,* 240 S. C. 373, 126 S. E. (2d) 20. We there held that the foregoing section afforded no right to a pretrial examination of an adverse party, the exclusive method for obtaining such examination being provided in Sections 26-501 through 26-512 of the 1962 Code of Laws. Section 26-701, as pointed out in the prior decision, "provides a mode by which a party to an

action may preserve and perpetuate his own testimony or that of any *witness* in the cause," and that an adverse party is not a *witness* within the meaning of that section.

The defendant concedes the foregoing, but contends that, since neither Mrs. Cook nor Miss Cook are actual parties to the action brought against him by the other and in which their testimony is sought to be taken, each is necessarily a witness whose deposition can be taken under the provisions of Section 26-701.

It is true that Mrs. Cook is not an actual party of record in the case of Miss Cook, nor Miss Cook in that of Mrs. Cook. Each, however, is an actual party in a case pending in the same court against the defendant, based upon substantially the same cause of action and involving identical facts. Therefore, each would occupy upon pretrial examination the inseparable and dual capacity of an adverse party and a witness. As stated by the lower court: "Since the actions of both Mrs. Jane Cook and Miss Shellie Cook arose out of the same accident and are against the same defendant exclusively, it would be impossible to 'weed out' and control the examination so as to prevent the attorney for the defendant from actually being permitted an unrestricted oral examination of an adversary."

We think that there is such a substantial identity of interest between each plaintiff as a witness in the case of the other, and as an actual party in their own cause, as to make them occupy, in effect, the position of adverse parties and thereby preclude the taking of their testimony under the terms of Section 26-701. See: *Hamilton v. Goring,* 65 R. I. 459, 16 A. (2d) 334. The defendant simply seeks to do indirectly here that which we held in the prior appeal could not be done directly. Either approach leads to the same result.

Affirmed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.