18315

BRAYS ISLAND PLANTATION, INC., Respondent, v. Marion HARPER Jr., Appellant

(140 S. E. (2d) 781)

*Messrs. Tompkins, McMaster & Thomas,* of Columbia, and *Duke & Landis,* of New York, *of Counsel, for Appellant,*

400

*Messrs. Roberts, Jennings & Thomas,* of Columbia, *for Respondent,*

*Messrs. Tompkins, McMaster & Thomas,* of Columbia, and *Duke & Landis,* of New York, New York, *of Counsel, for Appellant, in Reply.*

March 4, 1965.

BRAILSFORD, Justice.

Brays Island Plantation, Inc., undertook to commence an action in the Court of Common Pleas for Richland County against Marion Harper, Jr., a resident of New York, by service of a summons on one Charles E. Lane at Columbia, South Carolina, on April 29, 1964. Within due time, the defendant made a special appearance for the purpose of objecting to the jurisdiction of the court and moved to quash the service upon grounds relating to the claimed insufficiency of the summons, which was not accompanied by a copy of the complaint, as to its contents, and to the claimed ineffectiveness of service upon Lane to confer jurisdiction over the person of the defendant. This motion was overruled and the defendant has appealed.

Lane is a resident of New York and a member of the Bar of that state. He is employed exclusively by the defendant and by The Interpublic Group of Companies, Inc., a corporation having its principal place of business in New York. The defendant is president of this corporation. He and Lane have separate offices at the company headquarters in the City of New York.

The defendant is indebted to plaintiff on three promissory notes which were given to one Davis in January, 1959, for

the purchase price of a herd of Black Angus cattle located in Beaufort County, South Carolina. These notes, which have been assigned to plaintiff, are the subject of this action. They were executed in New York and are payable in that state.

From January, 1959, until June, 1961, Davis as an independent contractor, managed and maintained the herd of cattle purchased by defendant, for an annual fee, on land provided by Davis in Beaufort County. The herd was moved to Virginia in June, 1961. The defendant has not owned any property in South Carolina or engaged in any business in this state since that time.

The defendant defaulted in the payment of notes falling due on December 31, 1962, and on December 31, 1963, and plaintiff placed them in the hands of Messrs. Roberts, Jennings and Thomas of the Columbia Bar for collection. By prearrangement, the defendant sent Lane to Columbia on April 29, 1964, for the purpose of negotiating for a settlement of the three notes. Lane called at the offices of plaintiff's counsel where he had an unsuccessful conference with Mr. Thomas. At the conclusion of this conference, a copy of the summons in this action was handed to Lane by a secretary and he was advised that this was intended as service of process on his principal.

Under our view of the case, the only question which we need determine is whether, under South Carolina law, the delivery of the summons to Lane was effective as service on the defendant.

At common law, personal service within the state was the only means of obtaining jurisdiction of a defendant in an action *in personam* without his consent. Therefore, the means of service which was resorted to here can be sustained only if it was authorized by some South Carolina statute. *King v. Moore*, 224 S. C. 400, 79 S. E. (2d) 460; 42 Am. Jur., Process, Sec. 49; 72 C. J. S., Process, § 26; Restatement, Judgments, Sec. 14, Comment b.

The circuit court held that delivery of the summons to Lane was an authorized method of serving the defendant under the provisions of Section 10-438, Code of 1962. This is the last section of Title 10, Chapter 5, Article 2 of the Code. This Article is entitled "Personal Service in State" and consists of about twenty-five sections dealing with service of process on corporations and individuals of various classes and in a variety of cases. We quote Section 10-438, which appears at the end of this Article and which was held to authorize service on the nonresident defendant by delivery of the summons to his agent temporarily within this State: "In all cases other than those mentioned in this article the summons shall be served by delivering a copy thereof to the defendant personally or to any person of discretion residing at the residence or employed at the place of business of the defendant."

The corresponding subdivision of the original Code of Civil Procedure, XIV Statute at Large, p. 456, was simply declaratory of the common law, quoting: "In all other cases on the defendant personally." Although not expressly stated, the necessary implication is that the defendant could be served personally only when found within this State. We held in *King v. Moore, supra,* 224 S. C. 400, 79 S. E. (2d) 460, that personal service on a resident of this State while in the State of Maryland was not authorized by the statute; and we recognized that, if the defendant had been a resident of another state, absent some other basis of jurisdiction over him, service upon him in Maryland would have been "invalid, regardless of South Carolina law."

The provision for substituted service was added in 1892, 21 Statutes at Large, p. 104, in language substantially similar to that appearing in Section 10-438, Code of 1962. Shortly after the adoption of this amendment, it was construed to apply only to service "upon a person *within the State.*" We quote from *Armstrong v. Brant,* 44 S. C. 177, 21 S. E. 634, in which it was held that substituted service on a person of discretion at defendant's residence in Agusta,

Georgia, was not the equivalent of authorized *personal* service outside the State in lieu of publication in those cases in which service by publication is permitted.

"(T)he vital question which we encounter at the threshold of this case is, whether the court ever acquired jurisdiction to render the judgment now sought to be set aside. * * * This question turns upon the inquiry whether the defendant was ever made a party to that case in any of the modes prescribed by law for that purpose, and such inquiry is narrowed down to the question whether the defendant was ever legally served with the summons. * * *

\* \* \*

"* * * It seems to us clear that the purpose of section 155 (Section 10-438, Code of 1962) was to provide how service may be made upon a person *within the state,* and then the Code proceeds, in the very next section (156), to provide how service may be made upon persons *outside of the state,* for the section opens with these words: 'When the person on whom the service of the summons is to be made cannot, after due diligence, be found *within the state,*' going on to provide how service may be made in such a case, showing very clearly that the legislature, after providing how service may be made upon a certain class of persons, to wit, those who may be found within the state, by the terms of section 155, intended to provide a different mode of service upon persons of a different class, to wit, those outside of the state. We do not think, therefore, that it is legitimate to apply an amendment, expressly declared to be designed to alter the law as to the mode of serving one class of persons, to a different section, prescribing the mode by which service upon another class of persons may be made." 44 S. C. 179, 181, 21 S. E. 634, 635.

The statute now relied upon was enacted some four years before the decision in *Pepper v. Shearer,* 48 S. C. 492, 26 S. E. 797, in which it was stated:

"'* \* \* The action is merely *in personam,* \* \* \*. A nonresident, under such circumstances, can *only* be brought

within the jurisdiction of this court by service of the process within the state, or by voluntary appearance. *Tillinghast v. [Boston] Lumber Co.,* 39 S. C. [484] 496, 18 S. E. 120 [22 L. R. A. 49]; *Gibson v. Everett,* 41 S. C. 22, 19 S. E. 286; *Toms v. [Richmond & D.] Railroad,* 40 S. C. 520, 19 S. E. 142; *McCreery v. Davis,* 44 S. C. [195] 211, 22 S. E. .178 [28 L. R. A. 655]. The defendant's appearance is not voluntary, and as the defendant has not been served with process within the state, I conclude that the court is without jurisdiction in the premises.' " (Emphasis ours.) 48 S. C. 493, 26 S. E. 797.

In *St. Clair v. St. Clair,* 175 S. C. 83, 178 S. E. 493, substituted service on defendant's office manager in Greenville, South Carolina, while the defendant was in Nevada seeking to obtain a divorce from plaintiff, was sustained by the circuit court upon a finding that the defendant was a resident of South Carolina at the time of such service. Affirmance by this court was upon the ground that there was sufficient evidence to sustain the finding of fact as to defendant's residence.

One of the grounds assigned in *Cannon v. Haverty Furniture Co.,* 179 S. C. 1, 183 S. E. 469, for holding that the affidavit of service was void, was that it failed to show that "Mrs. Fallaw was at the residence or place of business of the defendant when the said copy of the summons and complaint was given her." 183 S. E. 473.

Confining our decision to the facts before us, we are satisfied that the Legislature did not intend by the enactment of this statute to authorize service on a nonresident, who has no place of abode or of business within this State, by delivery of a summons to an agent who is within the State on a temporary mission, even though such agent is ordinarily employed at the defendant's place of business in another state. Therefore, the court acquired no jurisdiction of the defendant by the attempted service and the motion to dismiss should have been granted.

Reversed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.