18404

Francis PROCTOR, Respondent, v. J. W. CORLEY, d/b/a
J. W. Corley's Garage, Appellant

(144 S. E. (2d) 285)

*Messrs. Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Appellant,*

*Messrs. Smith & Rawl* and *Lever & Shealy,* of Lexington, *for Respondent,*

*Messrs. Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Appellant,* in Reply.

October 4, 1965.

BRAILSFORD, Justice.

In this action for personal injuries, the defendant applied for and obtained an order of the clerk of court, pursuant to Section 26-701, Code of Laws 1962, requiring a named physician, who inferentially, had treated plaintiff for his injuries, to appear before the clerk and be examined as a witness before trial. The plaintiff moved before the circuit court for the dismissal of the clerk's order upon the following grounds:

"1. That there is no showing that an examination of Dr. T. E. Edwards is required by the Defendant in compliance with and pursuant to Section 26-701, Code of Laws of South Carolina, 1962.

"2. That no good and sufficient cause has been shown for the necessity of an examination of the said Dr. T. E. Edwards."

This appeal is from an order of the circuit court granting the foregoing motion.

The defendant's application for the clerk's order for an examination of the witness invoked a little used statute, which was originally approved February 15, 1872. 14 Stat. 206. The act has never been amended and, with presently insignificant changes in terminology, is now codified as Sections 26-701 through 26-703, Code of 1962. The second and third sections are largely procedural, and the appeal turns on the proper construction of Section 26-701, which reads as follows:

"The clerks of the courts of common pleas in this State, in all civil causes or proceedings * * * shall, upon the application of either party to such cause or proceeding, after ten days' notice to the adverse party, take in writing the depositions of such party or of any witness in such cause or proceeding whose examination shall be required by the party making such application. * * * The depositions so taken * * * may be read in evidence at the trial of the cause or proceeding, subject, nevertheless, to the right of either party to require the personal attendance and *viva voce* examination of the witness at the trial of the cause or proceeding, the exercise of such right, however, not to cause a continuance or delay in the trial of the cause or proceeding."

In *McLaurin v. Wilson,* 16 S. C. 402, this statute was construed as distinct from the provisions of law for taking testimony *de bene esse.* In that case, a deposition taken under the act in question was excluded from evidence because the witness had appeared in person at the trial and been examined and cross examined. The court held that this ruling would have been correct if the deposition of the witness had been taken *de bene esse,* "but this deposition was not so taken; but, on the contrary, it was taken under the provisions of a special statute, and we must look alone to the provisions of that statute for the rule to govern us in regard to such testimony. The statute, after providing for taking the deposition of *any* witness, not simply such as could have been examined *de bene esse* under the old law, declares as follows: (quoting from statute) Under the imperative language of this statute

we think the defendants had the right to have the deposition of Spann read in evidence at the trial, which however, did not preclude the *viva voice* examination of the witness if either party desired it. The statute does not assimilate the taking of such depositions to the taking of testimony *de bene esse,* but, on the contrary, expressly requires that such depositions *'shall be read in evidence at the trial,'* with the privilege to either party to have the witness examined *ore tenus,* if his attendance can be procured without delaying the proceedings." 16 S. C. 411, 412.

In concluding that the clerk's order was erroneously issued, the circuit court relied upon decisions of this court construing Sections 26-501 through 26-512, Code of 1962. These sections are largely derived from an act of 1870, 14 Stat. 406, which abolished the old bill of discovery and provided for the pretrial examination of adverse parties, the inspection of documents, etc. Under the original act, the examination of the adverse party could be had on notice, without the necessity of showing cause therefor. No provision was made for the examination of witnesses not standing in the relation of parties, which could be had only when conditions for *de bene esse* examination were present. Sections 26-701 and 26-704, Code of 1962. It must be assumed that in passing the act involved here, two years after the adoption of what is now Section 26-501, *et sequa,* the Legislature had in mind this limitation on a litigant's right to examine a witness before trial and intended to remove it.

The act relating to the examination before trial of *adverse parties* was amended in 1923 by requiring a showing of good and sufficient cause for such examination. 33 Stat. 170, Section 26-503, Code of 1962.[1] Counsel for respondent, in effect, contended that this amendment should be given effect as a limitation on the right of a party, under Section 26-701, to apply to the clerk for an order for the examination of a

---

[1] The language of the section as amended has been somewhat garbled in the 1952 and 1962 codifications.

witness. The two code sections are of different origins and deal with distinct subjects. Sections 26-501 through 26-512 provide the exclusive method for obtaining a pretrial examination of an adverse party, but may not be invoked for the purpose of securing the examination of any other witness. On the other hand, Section 26-701 " ' provides a mode by which a party to an action may preserve and perpetuate his own testimony or that of any *witness* in the cause,' (but) an adverse party is not a *witness* within the meaning of that section." *Cook v. Douglas,* 243 S. C. 201, 203, 133 S. E. (2d) 209, 210, quoting in part from *Cook v. Douglas,* 240 S. C. 373, 126 S. E. (2d) 20.

Manifestly, an amendment designed as a limitation on a section of the code dealing with the right of pretrial examination of adverse parties may not be applied to another section dealing with such right as to a different class of persons, excluding adverse parties. Compare *Armstrong v. Brant,* 44 S. C. 177, 181, 21 S. E. 634, 635.

Turning now to the grounds of plaintiff's motion for dismissal of the clerk's order—As to the first ground, the defendant's application for the order was the only showing contemplated by the statute that the examination of the witness was, quoting, "required by the party making such application." As to the second ground, the statute simply does not require a showing of good and sufficient cause as a condition of an application for the examination of a witness.

For the reasons stated, the motion to dissolve the clerk's order was without merit and should have been overruled.

Reversed and remanded for further proceedings consistent herewith.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.