## 18831

Thomas E. BALLEW, Plaintiff-Respondent, v. M. A. BALLEW and Kenneth W. and Jack H. Tucker, d/b/a Tucker Brothers Contracting Company, Defendants, of whom M. A. Ballew is a Respondent, and Kenneth W. and Jack H. Tucker are Appellants.

(163 S. E. (2d) 622)

*Messrs. Mann, Foster, Johnston & Ashmore,* of Greenville, *for Appellants,*

*Richard J. Foster, Esq.,* of Greenville, *for Respondent,*

October 3, 1968.

LEWIS, Justice.

Plaintiff brought this action to recover damages sustained in an accident in Pickens County when the automobile in which he was riding was in collision with a tractor owned by the defendants Kenneth W. Tucker and Jack H. Tucker. These defendants were residents of and domiciled in the State of Alabama. They were doing business as a partnership under the name of Tucker Brothers Contracting Company and, at the time of the collision, were engaged in the construction of a pipeline in South Carolina, with a partnership place of business in the State. The summons and complaint were served on the defendants by leaving a copy thereof with a regular employee of the partnership at the

partnership's place of business in South Carolina, neither of the defendants being physically present in the State at the time of service.

Upon the service of the summons and complaint on the partnership employee, the defendant partners filed an objection to jurisdiction and a motion to quash the service upon the ground that such was ineffective to bring them within the jurisdiction of the courts of this State since they were, at the time of attempted service of process, residents of the State of Alabama and were not physically present in this State. Their only contention was that there was no statutory authorization for such substituted service on the partnership employee. The lower court rejected this contention and held that, under the provisions of Section 10-438 of the 1962 Code of Laws, the service of the summons and complaint upon an employee of the partnership at its place of business in South Carolina was valid and effectual to confer jurisdiction over the individual nonresident members of the partnership. The appeal is from this order.

The only question before us is whether delivery of the summons and complaint to an employee at the partnership's place of business in South Carolina constituted, under our statutes, service on the nonresident members of the partnership. The lower court correctly held that such service was authorized under the terms of Section 10-438.

As pointed out in *Brays Island Plantation, Inc. v. Harper,* 245 S. C. 399, 140 S. E. (2d) 781, Section 10-438 is a part of Title 10, Chapter 5, Article 2, of the 1962 Code of Laws, and is placed at the end of this Article following numerous sections dealing with service of process in a variety of situations. Admittedly, none of the preceding sections cover the present situation and, if the manner of service in this case is authorized, such authority must be found in the provisions of Section 10-438 which is as follows: "In all cases other than those mentioned in this article the summons shall be served by delivering a copy thereof to the defendant person-

ally or to any person of discretion residing at the residence or employed at the place of business of the defendant."

In construing this section we have held that it applied only to service "upon a person within the state," (*Armstrong v. Brant,* 44 S. C. 177, 21 S. E. 634; *Brays Island Plantation, Inc. v. Harper, supra*) ; and that it includes nonresidents as well as residents, *Ford v. Calhoun,* 53 S. C. 106, 30 S. E. 830.

While *presence* of a defendant within the State is required in order to make Section 10-438 available, this does not necessarily mean physical presence. Under the statute a defendant is present within the State when he is (1) physically present, so that personal service can be effected; or (2) has a place of residence or business within the State, in which event substituted service may be had on a person of discretion residing at the residence or an employee at the place of business.

It is stipulated in this case that the defendants, although nonresidents, were engaged in the transaction of business and maintained a business office in this State. These activities established defendants' *presence* within the State, and service of the summons upon them by delivering a copy thereof to an employee at their place of business in the State was authorized under Section 10-438.

Affirmed.

Moss, C. J., and BUSSEY and LITTLEJOHN, JJ., concur.

BRAILSFORD, J., did not participate.