EX PARTE CARROLL.

1. A description of the note without a statement of the indebtedness for which the note was given is insufficient to sustain a confession of judgment.
2. A confession insufficient in the statement required by the statute is not irregular merely but invalid, and may be assailed by a junior judgment creditor.
3. And being invalid, it cannot be corrected by amendment.
4. Motion is a proper proceeding on the part of the junior judgment creditor to set aside such invalid confession.
5. And it should be set aside under the motion, notwithstanding property of the judgment debtor has been sold under the confession, and purchased by the plaintiff in that judgment.
6. And such motion is not barred by lapse of time, when made within five years after the confession of judgment was entered, especially where the moving party has not been guilty of laches. This case distinguished from *Clark* v. *Porcelain Manufacturing Company*, 8 *S. C.* 22.
7. A judgment may be valid as between the parties, and yet void as to third persons.

Before PRESSLEY, J., Edgefield, June, 1881.

Petition by James P. Carroll, in re, L. R. Tompkins against D. H. Tompkins. The order of the Circuit Judge setting aside the judgment was as follows:

This is a motion to set aside a judgment of said court by *L. R. Tompkins* v. *D. H. Tompkins* by confession before the Clerk on November 6th, 1876, on which the judgment was not duly signed and recorded until November 6th, 1878. Under execution on said judgment defendant's land was levied on by the Sheriff of said county, and on the first Monday of Janu-

ary, 1880, it was sold and purchased by plaintiff in said judgment. The party making this motion is a junior judgment creditor of D. H. Tompkins, and his motion is based on the insufficiency of the statement in writing, which section 400 of the Code requires of the defendant in such cases. This statement simply sets out a promissory note as the basis of indebtedness, stating no other facts out of which it arose. The motion is opposed on the grounds that the defect of statement, if any, is a mere irregularity, which may be amended, and that third parties cannot move to set aside the judgment for such irregularity; that the right to make the motion is barred by lapse of time, and that the sheriff's sale under said judgment has vested a right in the purchaser of the land which cannot be properly decided on mere motion, and yet would be affected by the granting it.

The only point in the case which has seriously troubled me is that last named. I am clear that said statement is defective; that it is matter of substance, not mere form, which could be amended, and as such is not a mere irregularity, but affects the validity of the judgment, as against other judgment creditors. I am further satisfied that said judgment was not such a record of the court as to be notice to other creditors until November, 1878, and therefore the objection of lapse of time cannot be sustained. As to the question of the rights acquired under the sale by the sheriff, my conclusion is that it is not involved in this motion, and would not be affected by any decision thereon. It is therefore ordered and adjudged that the said judgment, and the execution thereon, be set aside, for want of the statement in writing by defendant, as required by law.

From this order Mrs. L. R. Tompkins appealed upon the grounds stated in the opinion.

Messrs. *Ernest Gary, E. B. Gary*, for appellant.

Mr. *J. E. Bacon*, contra.

July 4, 1882. The opinion of the court was delivered by

MR. JUSTICE McIVER.—This was a motion, made by James P. Carroll, a junior judgment creditor of D. H. Tompkins, to set

aside a judgment by confession in favor of L. R. Tompkins against D. H. Tompkins, upon the ground that the "statement" required by the Code, sec. 400, was insufficient. The Circuit Judge granted the motion, and Mrs. L. R. Tompkins, the plaintiff in such confession of judgment, appeals on various grounds, which substantially are as follows:

1st. That the proceeding by motion was not the proper remedy. 2d. Because the application came too late, and was barred by the statute of limitations and lapse of time. 3d. Because the alleged defect in the statement upon which the judgment is based is a mere irregularity, and cannot be taken advantage of by third parties. 4th. Because rights have become vested under said judgment, and such rights cannot be attacked in a collateral proceeding. 5th. Because the Circuit Judge erred in holding that the said judgment could not be amended. 6th. Because judgment was good between the parties, and was not, therefore, *void*.

It will be observed that no question is made in any of the grounds of appeal as to the insufficiency of the statement upon which the confession of judgment was based, and, indeed, it seems to be well settled that a statement like the one in the present case, that the indebtedness grew out of a note given by the defendant to the plaintiff, without stating a consideration of the note, or what it was given for, will not be sufficient. *Chappel* v. *Chappel*, 12 N. Y. 215; *Dunham* v. *Waterman*, 17 N. Y. 15, cited with approval as to this point in *Wienges* v. *Cash*, 15 *S. C.* 44.

We proceed then to the consideration of the various grounds of appeal, not, however, in the order in which they are stated in the record, but in the order in which we have stated them above. As to whether the relief sought could be obtained by motion:—In New York, from whence the provision of our code upon the subject of judgments by confession has been borrowed, it seems to be settled that the proceeding by motion is proper. *Chappel* v. *Chappel* and *Dunham* v. *Waterman*, supra. See also *Freeman on Judgments*, sec. 558. This seems to be in accordance with the practice long prevailing in this State. *Mooney* v. *Welsh*, 1 *Mill Con. R.* 133; *Barns* v. *Branch*, 3 *McC.* 19.

The next inquiry is whether the application came too late. There was some controversy at the bar as to the time when the judgment in question was actually entered up, but, to say nothing of the fact that it is the duty of a party claiming a benefit from lapse of time to show clearly and beyond dispute that the required time has actually elapsed, from the view which we take we do not think it material to determine whether the appellant or the respondent is correct as to the true date when the judgment was entered, because even if it was at the time contended for by the appellant, we do not think that this motion comes too late. There is no statutory limitation in this State as to the time within which a motion to set aside a judgment must be made, except in those cases provided for by sec. 197 of the code. In *Mooney* v. *Welsh*, supra, five years was suggested as the limit, in analogy to the statute of limitations, in actions for the recovery of real estate, then of force, and as that period had not elapsed from the time when the appellant insists that the judgment was entered, to the time when notice of this motion was given, we do not think that the application came too late, especially as the facts stated in the affidavit of the moving party negative any *laches* on his part.

The case of *Clark* v. *Porcelain Manufacturing Company*, 8 *S. C.* 22, relied upon by the appellant, does not support the position contended for, that four years will bar such a proceeding; for as matter of fact the judgment was entered in that case March 18th, 1871, and notice of the motion to set aside was served March 2d, 1875, so that the proceeding there was commenced within four years, and hence the decision could not have rested on the ground that four years would be a bar. But in addition to this, the motion in that case was not made by a third party, but by the defendant in the action, and was based, not upon any substantial defect in the judgment, but upon a mere irregularity in the summons capable of being rectified by amendment, and upon the allegation that the president of the defendant corporation had omitted through accident and excusable neglect to make a defence to the action; and the court simply held that after the lapse of nearly four years, a motion based upon such grounds could not be sustained, and did not

29

hold that four years would bar a motion to set aside a judgment, made by a junior judgment creditor upon the ground of a substantial defect in such judgment. For the court after alluding to the facts showing *laches* on the part of the company, uses this language : "In the face of these facts, can their omission to defend the action be attributed to accident, inadvertence, and mistake, or, at the least, to excusable negligence on the part of their president ?" showing clearly that the court regarded the motion as a proceeding under sec. 197 of the code, the time for bringing which is expressly limited to one year. And as to the irregularity in the summons the court said : " If the exception now taken to the summons had been made on appearance and in regular form, leave would have been granted to amend. . . . The respondents are not to be placed in a worse condition because, by the neglect of the company, no appearance or defence was made." It is quite manifest, therefore, that this case does not affect the question now under consideration.

For a third ground of appeal, the appellant insists that the alleged defect in the judgment is a mere irregularity, and cannot be taken advantage of by third parties. The judgment in question derives its origin from a special statutory provision, and to make it valid the requirements of the statute must be strictly complied with, *Freeman on Judgments*, sec. 543. In the recent case of *Wienges* v. *Cash*, above cited, we have had occasion to consider the meaning of this part of the code, and from the authorities therein cited, as well as from what is said in that case, it is quite clear that this ground cannot be sustained. The object of the statement required by the code is to protect creditors against fraudulent confessions of judgment, by giving them such information as will enable them, by inquiry, to ascertain whether the alleged indebtedness is *bona fide* or pretensive and fraudulent, and if the statement fails to furnish such information, then the judgment based upon it must be regarded as fraudulent and void as to other creditors, even though it may be valid as between the parties to it, who may be estopped from questioning its validity.

The next ground of appeal raises a question which was not

passed upon by the circuit judge, and is not properly before us for decision. The only question which we are called upon to determine is whether there was any error on the part of the circuit judge in granting the motion to set aside the judgment. What is to be the effect of his order upon rights which may have previously vested cannot now be considered. If the judgment was not a valid judgment as against a junior judgment creditor, then there was no error in granting the motion to set it aside; and if the plaintiff in the judgment, who is the party resisting that motion, happens to be a purchaser under that judgment, claiming rights acquired by such purchase, that should not deter the court from deciding a question properly presented for decision, even though the result may be to prejudice her rights as purchaser.

The fifth ground of appeal alleges that the circuit judge erred in holding that the judgment could not be amended. This ground cannot be sustained. The defect in the judgment is substantial, not of form merely. If the statement required by the code was not made, then there was no authority to enter the judgment, and so far as third persons are concerned, it was without any validity and absolutely void.

The only remaining ground taken by the appellant is that, as "the judgment was good between the parties," it could not, "therefore, *be void*." We are unable to perceive the force of this ground. A deed may be good as between the parties, and yet absolutely void as to creditors, and we see no reason why the same may not be said of a judgment.

The judgment of this court is that the judgment of the Circuit Court be affirmed.