Edna U. CAIN, Plaintiff,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. AC–1345.

United States District Court
D. South Carolina,
Columbia Division.

July 8, 1966.

**156**

Donald D. Aaron, Law, Kirkland, Aaron & Alley, Columbia, S. C., for plaintiff.

Terrell L. Glenn, U. S. Dist. Atty., by Wistar D. Stuckey, Asst. U. S. Atty., Columbia, S. C., for defendant.

## ORDER

SIMONS, District Judge.

This is an action to review the final decision of the defendant, Secretary of Health, Education and Welfare, denying plaintiff's claim for mother's insurance benefits for herself and children's insurance benefits for her children, Diana G., Jacqueline A., Jack C., and Maude H. Underwood, on the social security earnings record of the deceased wage earner, Allen Cain, Jr., under § 202(g) of the Act, 42 U.S.C.A. § 402(g), and § 202(d) of the Act, 42 U.S.C.A. § 402(d), as authorized by § 205(g) of the Act, 42 U.S.C.A. § 405(g), which provides jurisdiction and limits the scope of this action:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party * * * may obtain a review of such decision by a civil action * * * Such action shall be brought in the district court of the United States * * * The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. * * *

Allen Cain, Jr., the deceased on whose social security earnings record the benefits in this case are claimed, married plaintiff, Edna U. Cain, in Cayce, South Carolina, on March 22, 1958. Plaintiff continued her residence in Columbia, South Carolina and for about 3 years of marriage did not move with her husband when he was transferred to Fort Gordon, Georgia, or later when he was transferred to Fort Campbell, Kentucky, although she contends that he visited her as frequently as he was able to do so.

On November 30, 1960, Allen Cain, Jr., retired from military service in the United States Army, and returned to his birthplace, Roseland, Indian River, Florida, where he died domiciled March 7, 1961. On November 5, 1960, plaintiff had initiated a divorce action in the County Court of Richland County, South Carolina, against Allen Cain, Jr., upon ground of habitual drunkenness, alleging that her husband was not a resident of South Carolina, and she thereby obtained service upon him by publication. She personally appeared and testified in this divorce action on January 31, 1961, and the court awarded her a final decree of divorce *a vinculo matrimonii* on February 6, 1961.

On March 22, 1961 and March 28, 1961, the plaintiff filed applications for mother's insurance benefits as a "former wife divorced" and for children's insurance benefits for Donna Sue Cain (the natural legitimate child of the deceased wage earner and the plaintiff), and for Diana Gail Underwood, Jacqueline Anita Underwood, Jack Carlton Underwood, and Maude Helen Underwood, (children of plaintiff by her previous marriages as stepchildren of the deceased.) These applications were denied. As to Edna U. Cain, it was determined that a condition of her entitlement to mother's insurance benefits as a "former wife divorced" was not met in that at the time of her husband's death she was not receiving at least one-half of her support from him pursuant to agreement or court order. As to the applications on behalf of the children, an award effective March 1961 was made to Donna Sue Cain, the natural legitimate child of the deceased wage earner. The claims of the remaining children were denied upon the basis that their relationship of stepchildren to the deceased necessary to their entitlement to child's insurance benefits was terminated when plaintiff obtained her divorce from the deceased wage earner. Plaintiff failed to pursue her administrative remedy within time

when informed of her right to have her claims reconsidered. These determinations then became final and binding decisions on these applications and are not in issue herein.

Having thus been denied benefits, plaintiff thereafter on December 6, 1962 obtained an *ex parte* decree of the County Court of Richland County, South Carolina, purporting to set aside *ab initio* the divorce decree she had obtained almost two years before. She then filed on January 4, 1963 a new application for mother's insurance benefits as "widow" of the deceased wage earner and for her children by previous marriages as "stepchildren" of the deceased wage earner, based on the purported revival of her status as "surviving wife" at the time of the death of the deceased wage earner. It is this application with which we are concerned herein.

On June 6, 1963, the plaintiff was notified that her claim for the children had been denied because her divorce from the deceased wage earner was valid, and that the necessary step-relationship did not exist between the children and the deceased wage earner. Upon reconsideration the initial determination was affirmed.

The hearing examiner who considered the case *de novo* on August 23, 1963 affirmed the initial determination. This became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review.

After plaintiff commenced this action, and before answering, the Secretary moved that the case be remanded for further administrative action. This was accomplished by order of Judge Martin dated April 23, 1964. The Appeals Council thereupon vacated its prior denial of review, and on February 25, 1965 rendered its determination modifying, supplementing and affirming the hearing examiner's decision which denied plaintiff's claims for mother's benefits as the widow of the decedent, and the children's entitlement for benefits as his stepchildren. This is the final decision which is subject to judicial review herein.

It is the judgment of this court that the Secretary committed clear error in not giving recognition to the *ex parte* decree on December 6, 1962, of the Richland County Court of South Carolina vacating its previous decree of divorce between Edna U. Cain and Allen Cain, Jr. The determinant here is not the full faith and credit of the *ex parte* decree, but the rational mandate of the Congress to determine the status of persons as defined by state law keeping in mind the national scope and beneficent purposes of the Social Security Act. Compare Gloss v. Railroad Retirement Bd., 114 U.S.App.D.C. 177, 313 F.2d 568 (1962), with Yeager v. Flemming, 282 F.2d 779 (5th Cir. 1960). Accordingly, the Secretary is mindful that he is not bound by that state decree to which he is not a party, e. g. Brown v. Wright, 137 F.2d 484 (4th Cir. 1943), not particularly from a public policy of immunity to the Secretary but from the specific mandate of Congress within the Act and a public policy of a uniform application of federal legislation. See *Gloss,* supra; Nott v. Flemming, 272 F.2d 380 (2d Cir. 1959), and § 216(h) (1) (A) of the Act, 42 U.S.C. § 416(h) (1) (A), which provides that an applicant has the status of "widow" if "the courts of the State in which [the decedent insured] was domiciled at the time of death, * * * would find that such applicant and such insured individual were validly married * * * at the time he died."

The Secretary contends that the courts of South Carolina would not recognize the *ex parte* decree. In his brief the Secretary concedes that the courts of this State have long recognized that upon equitable grounds they may vacate divorce decrees which they have previously granted. Ex parte Carroll, 17 S.C. 446 (1882); Ex parte Gray, 48 S.C. 556, 26 S.E. 786 (1897). The South Carolina Supreme Court has also held that the party seeking to set aside a divorce decree is not estopped or barred from doing so merely because he was the party

who obtained such divorce in the first instance. Peagler v. Atlantic Coastline R.R., 232 S.C. 274, 101 S.E.2d 821 (1958). The Secretary contends, however, that the policy of the South Carolina law, as expressed by the Supreme Court in Jannino v. Jannino, 234 S.C. 352, 108 S.E.2d 572 (1959), is that such a proceeding to set aside a divorce brought for other reason than to reestablish the marital relationship or prompted solely to obtain a property right should be denied. Although *Jannino* proceeds on that rationale, the issue there was distinguishable. In *Jannino* the wife brought an action joining the interested parties to have herself declared her husband's widow after his death and after he had obtained a North Carolina decree of divorce, and had remarried. The South Carolina Supreme Court expressly did not reach the question of jurisdiction of the North Carolina Court in granting divorce, but held that the wife was barred by laches in bringing her action a year after the husband's death. What is convincing to the court, however, is that conceding the Richland County Court had jurisdiction by way of venue and subject matter, no issue raising the failure of jurisdiction for lack of parties or an abuse of the equity jurisdiction of said court is before this court that would require interpretation of the State's policy expressed in *Jannino,* supra.

■ Legal rights and interests of parties in property are created by state law, Morgan v. Commissioner of Internal Revenue, 309 U.S. 78, 80, 60 S.Ct. 424, 84 L.Ed. 585 (1940); Brodrick v. Gore, 10 Cir., 224 F.2d 892, 895 (1955). When the Secretary asserts that the Richland County Court should have had before it the representative of the lawful child of the deceased wage earner and plaintiff, he raises an issue not before this court—there being no real controversy between the mother and her child. If the court now were able to determine that the state court decree is not entitled to full faith and credit by the Florida Courts or this court without the

contested issue before it, no judgment would ever remain safe from collateral attack. Therefore, since the Secretary is only required to interpret the state law and is not bound by the state court judgment in this instance, this court cannot reach the question of full faith and credit, while there is no issue to show that the state court abused its equity jurisdiction. Poe v. Ullman, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961).

■ The remaining issue before the court is whether the Secretary should be required to accept the conclusiveness of the *ab initio* decree. The rule in tax cases is well stated in Brodrick v. Gore, 224 F.2d 892, 895–896 (10th Cir. 1955):

"We recognize and subscribe in full measure to the firmly established wholesome rule that where an order or judgment of a state court is obtained through collusion, or is attended with some other badge of fraud, or is entered in a nonadversary proceeding, it is not binding as between one or more of the parties to such proceeding and the United States in respect to income tax or estate tax * * *." See also Pitts v. Hamrick, 228 F.2d 486 (4th Cir. 1955).

Compare Second Nat. Bank of New Haven v. United States, 222 F.Supp. 446 (D.Conn.1963), and particularly footnotes 42 and 43 therein for a citation of authorities holding both ways.

■ Should not the rule be liberally construed when applied to this type of social legislation, especially when so intended by Congress? A default judgment or *ex parte* action *in rem* usually proceeds on a technicality of law. An *ex parte* action in South Carolina in equity to void a divorce decree invokes the full conscience of the court. In considering a strikingly similar factual situation, my able colleague Judge Hemphill succinctly stated in 1965 in Mincey v. Celebrezze, D.C., 246 F.Supp. 447, at page 451:

"[T]he sanctity of a State Court's determination of the efficacy of a marriage would seem to be somewhat

greater than, perhaps a State's determination of 'disability,' or some other feature which might tend to dovetail with some aspect of the Social Security law. * * * This Court is loathe to disturb or attempt to give weight to any activity which impugns upon an able Court of record in South Carolina."

Accordingly, this court finds that this equity decree vacating the divorce decree is not within the traditional meaning and intent of a "non-adversary" proceeding.

 The original divorce decree and the *ab initio* decree in this instance were both granted by a court of record of this State presided over by able judges who have distinguished themselves within a limited jurisdiction, and this Court refuses to take any action under the circumstances of this case which would tend to reflect upon such court. It is inconceivable that the Richland County Court was not fully apprised of the far-reaching effect of its judgment possibly upon the devolution of the decedent's estate either in South Carolina or Florida, and upon other property rights involved. If there were indications that said *ex parte* decree was granted solely to enable this particular plaintiff to receive social security benefits, this court would unhesitatingly disregard the judgment of the state court. This is not the case, and the Secretary has committed clear error in so proceeding.

Since the Secretary erred in failing to recognize the *ex parte* decree which voided plaintiff's divorce decree, it follows that Diana G. Underwood, Jacqueline A. Underwood, Jack C. Underwood and Maude H. Underwood were all stepchildren within the meaning of the Act of Allen Cain, Jr., and had been such for not less than one year immediately preceding the day on which he died. . Moreover, the only evidence in the record as to whether Allen Cain, Jr., supported the stepchildren substantiates this—he did send money to claimant, and there is a statement by one Mrs. Ruth Allen that

Allen Cain, Jr., intended this for the "children." The testimony of the claimant supports this position.

The hearing examiner never passed on the credibility of Edna U. Cain's testimony in this particular regard and the Appeals Council on remand attempted to discredit Mrs. Allen's statement. This court is unconvinced. Accordingly the court finds that the final decision of the Secretary is not supported by substantial evidence and is clearly erroneous. It is, therefore,

Ordered that defendant's motion for summary judgment be denied and that the decision of the Secretary be reversed. The Clerk will enter judgment accordingly.

And it is so ordered.